KOCH, ADMR. OF THE ESTATE OF MILLER, PLAINTIFF, *v.* MILLER ET, DEFENDANTS.

Probate Court, Van Wert County.

No. 14731.   Decided May 31, 1961.

*Mr. Kenneth Koch,* of counsel, *Messrs. Koch & Koch,* for the estate.

*Mr. Harvey E. Hyman,* for defendant Stalnaker.

*Mr. Charles Van Dyne,* for defendant Elliott.

HARRINGTON, J. This cause came on for hearing on the 10th day of March, 1961, on the petition for the determination of Heirship, filed by Kenneth Koch, Administrator of the estate, the answers filed by two of the defendants, Echo Stalnaker and Helen E. Elliott, and the evidence; Koch & Koch representing the plaintiff, Harvey E. Hyman for the defendant Stalnaker, and Charles Van Dyne for the defendant Elliott.

Harvey G. Miller died on June 20, 1960, a resident of Van Wert County, Ohio, leaving as his next of kin Archie Miller, Dall Miller, Herma Miller, Leone Diomede, Paul Myers, Lorin Myers, Richard Hummer, and the heirs of Harry Guy Miller, a deceased brother; the question here presented being whether the defendant Helen E. Elliott is the sole heir of Harry Guy Miller, or whether Echo Stalnaker is also an heir-at-law of Harry Guy Miller, and therefore entitled to share in the estate of Harvey G. Miller.

By long established precedent, three elements have been deemed essential for legitimation of a child born illegitimate. First, the man must subsequently intermarry with the mother of the child; second, he must clearly acknowledge the child to be his own; and third, he must in fact be the father of the child.

Here, there is no question that the defendant Stalnaker was conceived and born during the marriage of her mother and one Monroe Curl; that said marriage was subsequently terminated by divorce, and the mother married to Harry Guy Miller. The testimony establishing the termination of the mother's marriage to Monroe Curl, followed by her marriage to Harry Guy Miller, although not substantiated by documentary evidence, was not refuted by any of the parties, but rather, acknowledged and accepted by both hostile defendants.

As to the second requirement, the evidence leaves no doubt that Harry Guy Miller acknowledged the defendant Echo Stalnaker as his own child. He reared her in his home; he caused her to be baptized as his daughter; he gave his consent for her marriage as her father; and he listed her as one of his two living children on this application for Aid for the Aged. The real evidence submitted, together with the testimony of intelligent, credible and disinterested witnesses, manifestly outweighs the feeble attempts to cast the shadow of doubt on Harry Guy Miller's position toward the defendant Stalnaker.

The remaining element—that Harry Guy Miller was in fact the father of the child born during the mother's former marriage, is somewhat more difficult of proof. Little reference was made to the actual facts and circumstances surrounding the birth, and perhaps little is, or could be known. The only witnesses who purported to have any knowledge of such facts were, at the time of said birth, themselves children of tender years, and could not have known or understood the situation.

While it is a well established rule that a child conceived or born during lawful wedlock is presumed to be legitimate, it is also well established that such presumption may be overcome by evidence that is clear and convincing.

In an opinion written by Ohio Supreme Court Chief Justice Marshall in the case of *Eichorn* v. *Zediker*, 109 Ohio St., 609 (1924), stated that absolute proof of the fact of paternity is impossible in any case, giving as an illustration, that if a man and woman were placed under guard for the natural period of gestation, there would still be a possibility of some suspicion attaching to the guard. It would be against sound public policy to resort to such technicalities, and an admission of such fact, if not otherwise disproved, should be accepted as it would be in proof of any other fact. Findings of fact sufficient to establish unequivocal acknowledgment are also sufficient to establish the fact of paternity, in the absence of proof of non access.

This Court submits that the only sound reasoning in this matter is as stated by Justice Marshall. It is conceded that in the *Eichorn case*, the presumption of legitimacy was not in question since the mother was unmarried at the time of birth. However, the rule laid down in the *Eichorn case* was cited and followed in *Snyder* v. *McClelland*, 38 Ohio Opinions, 434 (1948), a case in which the mother was married at the time of birth, subsequently divorced and married to the purported father, the principal question being as to the degree of proof required to establish acknowledgment of paternity. A mere preponderance is not sufficient; but here the evidence is clear and convincing, the unequivocal acknowledgment beyond any reasonable doubt, and there being a total absence of proof that Harry Guy Miller could not have been the father, the fact of paternity is thus established.

It is, therefore, the judgment of this Court that the de-

fendant Echo Stalnaker is the child of Harry Guy Miller, and, as such, is an heir-at-law of Harvey G. Miller and entitled to share in the distribution of his estate.

A Journal Entry may be prepared in accordance with this opinion.