SPENCER, Plaintiff, v. BOARD OF ZONING APPEALS OF PERRY TOWNSHIP, Defendant.

Common Pleas Court, Stark County.

No. 101168. Decided October 30, 1959.

362

Mr. *Frank Lucas*, on behalf of the plaintiff, Loretta B Spencer.

Mr. *Jacob Hess*, on behalf of the defendant, The Board of Zoning Appeals of Perry Township.

Rossetti, J. The plaintiff, Loretta B. Spencer, seeks to reverse the decision of the Perry Township Zoning Board of Appeals, wherein she was denied a certificate to use the breeze- way between the garage of her home and the residence as a beauty studio or parlor.

The evidence discloses that plaintiff started a course in a beauty school in July, 1958, which continued for approximately nine (9) months. She required a total of 1250 hours of schooling and upon completion of the course, to take an examination given by the State Board of Cosmetology. She passed her examina- tion and was licensed to practice her profession in Ohio.

The plaintiff lives at 223 Whipple Road, Northwest, Can- ton, Ohio, which is a very heavily travelled highway. There are a number of business places between Tuscarawas Avenue and 12th Street, Northwest, on Whipple Road; the Fisher Food Store is on the corner of West Tuscarawas Avenue and Whipple Road; a jewelry store in a former residence, which is being torn down; a dairy store; a barber shop; a dry cleaning establish- ment; a church and parking lot on the corner of Second and Whipple Road, Northwest; also a site for a future church in the 400 block on Whipple Road; a large grocery store on the east side of Whipple Road in the 400 block; and various other busi- ness establishments from Fourth Street to Twelfth Street Northwest.

The question arises in this case whether the Perry Township Board of Zoning Appeals should have allowed a permit by exercising the power granted the Board under the section pertaining to 'variance.'

Section 18 of the Perry Township Zoning Regulations provides in part as follows:

"The Township Board of Zoning Appeals shall have the following powers:

"2. To authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done."

Therefore, the Board may take into consideration whether to authorize a 'variance' even though the plaintiff had not applied for such a 'variance.'

This Court does not believe it was necessary for the plaintiff to file an application requesting a 'variance.' Rather, the Zoning Board of Appeals had the power granted to it and such a matter and all other matters could have and should have been considered at the time of the hearing.

What can a Board take into consideration in determining whether to grant a 'variance'? It would seem to this Court that the following matters should be considered.

1. Character of the neighborhood.
2. Effect on other property.
3. Alter the character of the locality.
4. Objections from property owners.
5. Whether neighborhood is exclusively residential when zoning regulations became effective.
6. Unique circumstances of applicant.
7. Is public interest, safety, health and welfare involved.

There can be no question but what the character of the neighborhood has substantially changed, especially in recent years. No one will dispute that there has been a considerable change on Whipple Road, Northwest, between Tuscarawas Avenue and Twelfth Street, Northwest. There has been a tremendous increase of traffic; many new homes have been

built and many commercial businesses have been establishe
in recent years and, in general, the Whipple Road area has bee
built up.

It certainly cannot be contended that the neighborhood i
exclusively residential at the time the zoning regulations be
came effective. With the increase of population and with th
rural areas being built up surrounding the City of Canton, o
necessity, quite a few business places must be established i
order to meet the needs of the residents of such area. Th
facts disclose that there have been businesses established o
Whipple Road in recent years from Tuscarawas Avenue t
Twelfth Street, Northwest.

The operation of a beauty salon at this location, in th
opinion of this Court, would not alter the character of th
neighborhood, nor would it have any effect on other propertie
in the area.

In the first place, the beauty salon will be operated in th
plaintiff's breeze-way. There will be no commercial fron
to the property, and the physical appearance of appellant'
residence will not change at all. Certainly, there will be n
parking problem, as it will be unlikely that the plaintiff wil
have more than one customer at a time in the beauty salon. Th
parking, in all probability, will be on the side street of appel
lant's residence.

There is not one bit of evidence that anyone voiced an
objections to the granting of a permit to the plaintiff. How
ever, it was pointed out that some of the neighbors approve
of the granting of such a permit.

The circumstances surrounding the applicant should als
be taken into consideration. We find that she started to tak
this course prior to the effective date of the zoning regulations
She put in considerable hours to prepare herself for such a
occupation, then passed the examination and was given th
license. Perhaps there are other circumstances which woul
require the applicant to conduct such an occupation at he
residence.

In recent years there has been an increasing number o
beauty parlors conducted from a person's home. No doub
there are circumstances causing this change which should be

aken into consideration by a Board of Zoning Appeals. No doubt a check of this community would result in a disclosure that there are quite a number of beauty parlors conducted in persons homes and residences.

The zoning regulations will permit customary home occupation for gain carried on in the residence under certain conditions.

Is it a home occupation? The word 'occupation' is most comprehensive. It may embrace all gainful activities, professional or business, and whether pursued as an employee or employer.

There is substantial evidence that a beauty salon may be a home occupation. The Small Business Administration of the United States Department of Commerce in dealing with 'home businesses,' includes 'beauty parlors' among them.

There are, many, many home occupations, and in my opinion a 'beauty parlor' is a home occupation.

It is contended by defendant that the plaintiff will require special equipment, such as dryers, sinks, chairs and so forth. It is to be observed that a physician or dentist also must have special equipment. I do not feel that the question of 'equipment' should be a factor in the determination of this question.

Finally, there is no evidence that it would be 'contrary to the public interest, safety, health and welfare,' to grant a permit in this case. As a matter of fact, it would seem to me it would be beneficial to the residents to have a beauty parlor nearby and, further, it wouldn't be necessary to travel a great distance, and it wouldn't be necessary to cope with the traffic problem as it exists today.

Ordinarily, the matter as to whether a 'variance' should or should not be authorized in a specific case by a Township Board of Zoning Appeals is a matter within the sound discretion of such Board.

In my opinion, the plaintiff's application for a zoning certificate should have been approved by the Board of Zoning Appeals, and the decision of the Board of Zoning Appeals in refusing to approve it to that extent is unreasonable and is reversed. The cause is remanded to the Board of Zoning Appeals for further proceedings in accordance with this opinion.

Plaintiff prepare entry.