THE NEWMAN CO., APPELLANT, *v.* BOARD OF ZONING APPEALS
OF PAINESVILLE TOWNSHIP, LAKE COUNTY, APPELLEE

(No. 50595—Decided July 16, 1970.)

Common Pleas Court of Lake County.

*Mr. John S. Nelson,* for appellant.
*Mr. John W. Wiles,* for appellee.

SIMMONS, J. This is an appeal, under R. C. Chapter
2506, of a Painesville Township Board of Zoning Appeals'
order denying appellant a zoning certificate. The single

question is whether the denial was illegal, unconstitutional or arbitrary.

After considering the board's transcript, evidence at the hearing, view of the premises, counsels' briefs, and the law, I hold that it was not. It is the decision of this court, therefore, that the appeal be dismissed, and counsel for appellee is directed to prepare a judgment entry to this effect, taxing costs to appellant and giving it exceptions. The entry should also overrule appellant's motion to dismiss the appeal made at the time of hearing.

Appellant makes two claims, both of which must be rejected:

1. It is entitled to the zoning certificate on the basis of a nonconforming use.

2. It is entitled to the certificate on the basis of a variance from use restrictions in the zoning resolution.

Regarding the first claim, the board found appellant lost its nonconforming exemption because of a voluntary discontinuation of its industrial use for more than two years, a forfeiture dictated by Section XIX, paragraph 1 of the township resolution.

The evidence amply supports the finding. The parcel was used by appellant for manufacturing prior to the imposition of the present residential zone district in 1956. The operation was moved out of the building and off the premises in 1960 and the parcel has not been used since. Appellant previously applied to this board for a similar zoning certificate in 1967 and, though it was rejected on the same grounds as now, did not appeal the decision.

The claim concerning the variance requires a discussion of the limits of a township zoning board's discretion on the subject and whether those limits were exceeded here.

Appellant's parcel is an industrial island in a residential sea, sprinkled with a few commercial atolls. Among the residences stands a new house at the southerly property line, built within the past five years, undoubtedly in reliance upon the visible and record evidence of an abandoned industrial use. The use that is now proposed for the property would involve a sizable industrial operation, consisting of the manufacture of hardware for marine

craft. There would be between 45 and 50 employees operating milling, lathe and drill press machinery.

Testimony of an officer of the tenant company that it would be a "quiet operation" is subject to the question, relative to what? Will it be quiet in relation to other manufacturing plants or quiet in relation to a residential neighborhood? Common sense dictates that where so many workers are employed in a manufacturing operation, noise is inevitable.

I am not suggesting that the proposed use would constitute a nuisance because of noise. This is a determination that would have to await events surrounding its operation. Concededly, if it was a nuisance, resort to law could be had at that time.

But must a zoning authority sanction the use and be left with the doubtful efficacy of a future injunction action? The fact that a zoning certificate was issued may be considered in a later court action for nuisance to deny injunctive relief. *Weltsch* v. *Graf* (Mass.), 82 N. E. 2d 795.

May not the authority consider the nuisance potential which is inherent in a particular use in relation to its surroundings for the purpose of exercising its discretion whether to grant or refuse a variance? I think it may and should, and that when such consideration fairly prompts a denial of variance, it is not unreasonable. *Sky Oil Co.* v. *Village of Willoughby Hills*, Lake County Common Pleas Court, Case No. 43590.

Where the exercise of zoning discretion by a township authority in denying a variance is not unreasonable under all the circumstances of the case, its decision should be upheld. *Mentor Lagoons Co.* v. *Mentor Township Zoning Bd.*, 168 Ohio St. 113.

The appellant says the board's decision is unconstitutional because it deprives the company of any economic use of its land. There was evidence of value of the property put to industrial use, but no evidence of its value put to residential or commercial use. The property will accommodate five residential building sites. Whether houses can actually be built on those sites depends upon an interpretation of Section IX, Paragraph 6 of the resolution, relating to frontage upon a road, which it is not necessary

to make at this time. Even if the interpretation is adverse to appellant, it may still apply for a variance from the restriction which, under the circumstances, the zoning board would be hard put to refuse, or justify if it did.

The same possibility of variance exists for commercial or, for that matter, some other light industrial use not exhibiting the scope and character of that proposed now.

In the light of these considerations, it is impossible to agree with appellant that the denial of this use is confiscatory.

The meaning of my decision is not that the township has *carte blanche* to deny all future requests for variance by appellant, but only that its denial of this one was not improper. The board must consider any future request in the light of the circumstances peculiar to the land and its location, the right of a landowner to escape a ruinous loss of value and the right of home dwellers to reasonable serenity; then, after considering all, make its determination in a way that fairly accommodates the conflicting rights and reflects the circumstances.

This case does not represent an arbitrary flex of governmental muscle having no relation to public welfare as in cases cited by counsel, *e. g., Beachland Glass Co.* v. *Woodmansee,* 11 Ohio Misc. 262; *Shaker Coventry Court* v. *Shaker Heights,* 87 Ohio Law Abs. 47.

Where the record reflects factors that materially affect the welfare of a neighborhood, a zoning decision that reasonably promotes that welfare should be upheld, even though the consequence is to deprive the landowner of the value of its most profitable use. *Stoll* v. *Gulf Oil Co.,* 79 Ohio Law Abs. 145; *Spencer* v. *Board of Zoning Appeals,* 85 Ohio Law Abs. 361.

As was noted before and cannot be too often emphasized in a difficult case such as this, the rule is always subject to this condition; that there must be a fair balance between the extent of deprivation of private value and the extent of threat to public welfare. The more there is of one, the more there must be of the other.

I believe a fair balance was struck in this case.

*Appeal dismissed.*