OPINION
{¶ 1} This appeal is another chapter in the ongoing struggle in Ohio between operators of large agricultural enterprises and local authorities and other residents adversely impacted by those enterprises.
 {¶ 2} Plaintiffs, Meerland Dairy, Inc. and Martinus and *Page 2 
Geesje Dehaan, wish to operate a dairy farm accommodating up to 2,100 cows on approximately one hundred acres of land they own in Ross Township in Greene County. Plaintiffs made a considerable investment in purchasing the land and creating plans for the operation. They also obtained licenses from the director of the Ohio Department of Agriculture required by R.C. Chapter 903 to install and operate a Concentrated Animal Feeding Facility ("CAFF").
 {¶ 3} In 2005, the Board of Trustees of Ross Township adopted an amendment to the township's existing zoning code. The amendment prohibits operation of an "agribusiness," which by its definition would include Plaintiff's dairy farm operation, and declares that those enterprises do not constitute agriculture. The amendment provides that an agribusiness is a conditional use for which a permit must be obtained from the relevant zoning authority.
 {¶ 4} Plaintiffs commenced an action pursuant to R.C. 2701.02, asking the common pleas court to declare that the Ross Township zoning regulation as amended is prohibited by R.C. 519.21, and to grant Plaintiffs injunctive relief preventing Defendants, Ross Township and its Board of Trustees (the "Trustees"), from enforcing the amended regulation to prohibit Plaintiffs' operation of their proposed dairy farm. *Page 3 
 {¶ 5} The matter was referred to a magistrate. Based on stipulations and other submissions, the magistrate filed a decision in favor of the Trustees. Plaintiffs filed objections to the decision. The common pleas court overruled the objections and adopted the decision as the court's order. Plaintiffs filed a timely notice of appeal.
 {¶ 6} Plaintiffs present five interrelated assignments of error on appeal. They are resolved by a single issue: does R.C. 519.21 prohibit the regulation the Trustees adopted?
 {¶ 7} The regulation is an amendment to the Ross Township Zoning Regulations. Zoning legislation is an exercise of the police power.Yorkavitz v. Board of Trustees of Columbia Twp. (1975),166 Ohio St. 349. A township has no inherent zoning power. Id. Whatever power a township has to regulate the use of land through zoning regulations is limited to authority expressly delegated and specifically conferred by statute. Board of Township Trustees v. Funtime (1990),55 Ohio St.3d 106. "A zoning ordinance, rule or resolution which violates an explicit statutory command of the General Assembly is clearly preempted and is therefore invalid and unenforceable." Newburg Township Board of TownshipTrustees v. Lomak Petroleum (Ohio) (1992), 62 Ohio St.3d 387, paragraph one of the Syllabus by the Court. *Page 4 
 {¶ 8} R.C. 519.02 authorizes township trustees, for the purpose of promoting the public health, safety, or morals, to adopt regulations limiting the size and location of buildings and other structures and the uses of land for trade, industry, residence, recreation, or other purposes. Permits for conditional uses permitted by a regulation may be granted by a township board of zoning appeals. R.C. 519.14(C).
 {¶ 9} R.C. 519.21(A) provides:
 {¶ 10} "Except as otherwise provided in division (B) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, including buildings or structures that are used primarily for vinting and selling wine and that are located on land any part of which is used for viticulture, and no zoning certificate shall be required for any such building or structure."
 {¶ 11} R.C. 519.21(B) pertains to platted subdivisions, and has no application on these facts.
 {¶ 12} "As used in section 519.02 to 519.25 of the *Page 5 
Revised Code, `agriculture' includes farming; . . . including, but not limited to, the care and raising of livestock . . . (and) dairy production . . ." R.C. 519.01. Pursuant to R.C. 519.21(A), "[a] township zoning regulation may not prohibit the use of any land for agricultural purposes, including animal husbandry, which includes the care and feeding of horses." Mentor Lagoons, Inc. v. Zoning Board of Appeals ofMentor Township (1958), 168 Ohio St. 113.
 {¶ 13} We can see no distinction between the care and feeding of horses and the care and feeding of dairy cows for purposes of R.C. 519.21 and the prohibition it imposes on township zoning regulations. The Trustees do not contend that there is one. Rather, they argue that the regulation of Plaintiffs' proposed use of their land for a dairy farm that constitutes an "agribusiness" is permitted by other sections of the Revised Code.
 {¶ 14} The trustees rely on R.C. Chapter 903. Sections of that chapter impose licensing requirements for the installation and operation of a CAFF, requiring operators to obtain the necessary license from the director of agriculture. R.C. 903.06 and 903.07 require the director to adopt regulations concerning insect and rodent control and management and handling of manure. R.C. 903.25 provides, in *Page 6 
pertinent part:
 {¶ 15} "An owner or operator of an animal feeding facility who holds a permit to install, (or) a permit to operate (a CAFF) . . . shall not be required by any political subdivision of the state or any officer, employee, agency, board, commission, department, or other instrumentality of a political subdivision to obtain a license, permit, or other approval pertaining to manure, insects or rodents, odor, or siting requirements for an animal feeding facility." (Emphasis supplied).
 {¶ 16} Plaintiffs obtained the license for operation of a CAFF required by R.C. Chapter 903, as mentioned above. The Trustees do not dispute that their regulation imposes a "siting requirement." Indeed, they argue that the regulation is properly viewed as an exercise of the police powers conferred on townships in that connection by R.C. 519.02. They instead contend that R.C. 903.25 creates an exception to the prohibitions in R.C. 519.21 against townships zoning regulations that "prohibit use of any land for agricultural purposes," permitting Ross Township to regulate licensed CAFF's for any purpose other than these involving insect and rodent control and manure management, for which R.C. 903.06 and 903.07 require the director of agriculture to impose *Page 7 
licensing requirements.
 {¶ 17} The Trustees rely on the doctrine of preemption, arguing that by requiring the director of agriculture to regulate the matters identified in R.C. 903.06 and 903.07, those sections and R.C. 903.25
preserve the authority conferred on townships by R.C. 519.02 to regulate a licensed CAFF concerning other matters that involve the public health or safety from the express prohibitions of R.C. 519.21(A). The Trustees point to evidence that Plaintiffs' large dairy farm could dewater the wells of neighboring property, burden the township roads and highways, and impair its emergency services.
 {¶ 18} The Trustees' reliance on the doctrine of preemption is misplaced. The doctrine is a product of the Supremacy Clause of the Federal Constitution, Clause 2, Article VI, pursuant to which Congress has the power to preempt state law. Minton v. Honda of AmericaManufacturing, Inc., 80 Ohio St.3d 62, 1997-Ohio-356. It applies when federal and state laws conflict. Id. The doctrine does not apply to conflicts between two laws of a state, as the Trustees would apply it. Instead, in that instance the Ohio rule is that the more specific provision prevails over the general rule. R.C. 1.51.
 {¶ 19} What is missing from the Trustees' analysis, *Page 8 
however, is any conflict between R.C. 519.21(A) and the sections of R.C. Chapter 903 on which they rely. R.C. 519.21(A) provides that no section of the Revised Code, including R.C. 519.02 and its general grant of police powers, confers on a board of township trustees the power "to prohibit the use of land for agricultural purposes." R.C. 903.06 and903.07 mandate the director of agriculture to adopt certain regulations, and R.C. 903.25 confers authority on the director to impose licensing requirements on the operation of a CAFF, which is an agricultural use, but that section expressly exempts licensed owners or operators of a CAFF from similar requirements imposed by a political subdivision of the state, which includes townships. R.C. 519.21(A) and 903.25 are not in conflict with respect to the Township's zoning regulation.
 {¶ 20} The township also relies on the canon of statutory construction, "the express inclusion of one thing means the exclusion of others," to argue that the provisions of R.C. Chapter 903, by conferring certain powers on the director of agriculture, imply a power of the Township to regulate other matters through its power to adopt zoning regulation. If that principle applies at all, it merely limits the power conferred by R.C. Chapter 903 on the director. Township zoning authority cannot be implied, but exits only pursuant to an *Page 9 
express grant of authority by the General Assembly. Board of TownshipTrustees v. Funtime. The prohibitions in R.C. 903.25 and R.C. 519.21(A) clearly and unequivocally avoid any suggestion that powers not conferred on the director are by implication conferred instead on townships.
 {¶ 21} The Trustees sought to avoid the prohibitions in R.C. 519.21(C) by declaring that farming operations which their zoning regulation classifies as an "agribusiness" are not "agriculture." The definition of agriculture in R.C. 519.01 includes "farming" and "dairy production," and makes no distinction with respect to size. Obviously the statutory provision prevails. Fox v. Shriver-Allison Co (1971),28 Ohio App.2d 175. The Trustees argue that Plaintiffs offered no evidence showing the their operation satisfies the relevant definition of agriculture in R.C. 519.01. The fact that it involves keeping 2,100 dairy cows on approximately one hundred acres of unincorporated land for purposes of milk production, which is not in dispute, is sufficient.
 {¶ 22} The trial court erred when it held that the Ross Township Zoning Regulation of agribusiness at issue is not prohibited by law. The regulation and the conditional use permit it requires are prohibited by R.C. 519.21(C).
 {¶ 23} The trial court also erred in holding that *Page 10 
Plaintiffs are not entitled to a declaratory judgment pursuant to R.C. 2701.02 because they failed to exhaust their administrative remedies, not having applied for and been denied a conditional use permit. The requirement that a party's administrative remedies must be exhausted does not preclude an action for declaratory judgment when seeking the administrative remedy would be unnecessarily onerous. Burt Realty Corp.v. City of Columbus (1970), 21 Ohio St.2d 265. Inasmuch as the Trustees adopted their zoning regulation for the purpose of preventing Plaintiffs from operating their proposed dairy farm, and in view of the clear prohibitions imposed by law on such regulations, we believe that standard is satisfied.
 {¶ 24} The assignments of error are sustained. The case will be returned to the common pleas court pursuant to App. R. 27 on our special mandate, to enter a declaratory judgment for Plaintiffs consistent with this opinion, and to order injunctive relief barring the Trustees from enforcing the amended zoning regulation to in any way impair Plaintiffs' use of their land for their proposed purpose. WOLFF, P.J. And BROGAN, J., concur. *Page 1