DINARDO, Appellant,

v.

CHESTER TOWNSHIP BOARD OF ZONING APPEALS, Appellee.

[Cite as *Dinardo v. Chester Twp. Bd. of Zoning Appeals,*
186 Ohio App.3d 111, 2010-Ohio-40.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2009–G–2884.

Decided Jan. 11, 2010.

David M. Lynch, for appellant.

David P. Joyce, Geauga County Prosecuting Attorney, and Susan T. Wieland, Assistant Prosecuting Attorney, for appellee.

TIMOTHY P. CANNON, Judge.

{¶ 1} Appellant, Frank Dinardo, appeals from the decision of the Geauga County Court of Common Pleas affirming the decision of the Chester Township Board of Zoning Appeals denying his application for a zoning certificate.

{¶ 2} Dinardo applied for a zoning certificate, proposing to use his 1.75 acres of real property located at 8239 Mayfield Road in Chester Township of Geauga County, Ohio, for the sale of "building material supply, seed, plant, lawn, garden equipment and supply."

{¶ 3} Chester Township Zoning Resolution 5.02.01 ("Section 5.02.01"), "permitted principal buildings, structures, and uses," provides:

{¶ 4} "Within any C District, no building, structure, lot or land shall be used for other than one or more of the following uses, provided such uses do not emit or create any danger to health and safety in the surrounding, and do not create any offensive noise, vibration, smoke, dust, heat, glare, flame, air pollutants or other objectionable influences:

{¶ 5} "A. The following retail sales of merchandise, provided that all products for sale or rent shall be sold or rented on the premises directly to the consumer:

{¶ 6} " * * *

{¶ 7} "Building material and supply stores

{¶ 8} " * * *

{¶ 9} "Seed, plant, lawn, garden equipment and supply stores."

{¶ 10} Appellant's application for a zoning certificate was denied by the township's zoning inspector, who determined that the proposed use was "not a permitted use" in that it created "offensive air pollutants and dust." Appellant appealed to the board of zoning appeals, stating, "[T]he proposed use description follows the exact language as printed and read in the current zoning code." A hearing was held on December 11, 2006.

{¶ 11} At the board of zoning appeals hearing, Michael Joyce, the Chester Township zoning inspector, testified that appellant, both prior to and concurrently with the application for a zoning certificate, sold mulch at this property. Joyce indicated that he had received numerous complaints from neighbors regarding the odor from the mulch. In fact, Joyce stated that neighbors had presented a petition indicating that "they were being bothered by air particulates from this operation."

{¶ 12} Appellant indicated that he had been selling mulch on his property since March 2006. Appellant further stated that "this spring he would have brought plants back in, have the mulch hauled back in, soil, gravel, pavers and pipe." Upon being questioned regarding the offensive odor of the mulch, appellant indicated that the odor could be controlled through the location of the mulch or containment of the mulch. Appellant expressed his desire to be a good member of the community.

{¶ 13} Individual neighbors also voiced their concerns at the December 11 hearing. Boris Bubnow, a neighbor, testified that he is a certified real estate appraiser and that the storing and selling of mulch on appellant's property is a nuisance and an eyesore. Bubnow characterized the smell of the mulch as offensive and further indicated that the proposed use of appellant's property would "ruin his housing value." Bubnow also distinguished appellant's property from those properties in Chester Township that sell mulch, indicating that there is a greater distance between the operation of the other mulch distributors and the abutting property owners.

{¶ 14} The board of zoning appeals affirmed the decision of the township's zoning inspector denying appellant's application for a zoning certificate. Appellant appealed this decision to the trial court pursuant to R.C. Chapter 2506. On appeal, the trial court framed appellant's arguments as "whether a zoning inspector and a board of zoning appeals must take an applicant at his word that he will comply with all applicable zoning and environmental regulations or may

those zoning officials consider the applicant's past and present use of the subject real property in determining if a zoning permit should be issued." The trial court opined that zoning officials "may consider an applicant's past and present conduct in deciding whether to issue a permit, even if the applicant promises to use the property only for permitted uses and in conformity with applicable zoning regulations." The trial court affirmed the decision of the Chester Township Board of Zoning Appeals denying appellant's appeal of the Chester Township zoning inspector's denial of a zoning certificate.

{¶ 15} Appellant presents the following assignment of error for our review:

{¶ 16} "[T]he Trial Court committed error in ruling that an Appellant's past and present conduct may be considered when a Zoning Board is deciding whether to issue a Zoning permit."

{¶ 17} Before we address the substance of appellant's argument, we must consider our standard of review. First, upon review of an administrative appeal, a court of common pleas considers whether the decision to grant or deny a certificate is supported by "the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. This court's review of the judgment of the trial court is more limited than that of the court of common pleas. *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433. This court's review is whether, as a matter of law, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. " 'While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law.' " *Carrolls Corp. v. Willoughby Bd. of Zoning Appeals*, 11th Dist. No. 2005–L–110, 2006-Ohio-3411, 2006 WL 1816935, at ¶ 10, quoting *Akwen, Ltd. v. Ravenna Zoning Bd. of Appeals* (Mar. 29, 2002), 11th Dist. No. 2001–P–0029, 2002 WL 480041, *3.

{¶ 18} The Supreme Court of Ohio, in *Kisil*, elaborated in a footnote:

{¶ 19} "This statute [R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of 'questions of law' for appellate court review would be *abuse of discretion* by the common pleas court." (Emphasis added.) *Kisil*, 12 Ohio St.3d at 34, 12 OBR 26, 465 N.E.2d 848, fn. 4.

{¶ 20} The term "abuse of discretion" means more than merely an error of law or of judgment; it suggests that the lower court's attitude was unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 21} On appeal, appellant maintains that his application cannot be denied based on his past conduct, and since he applied only for a proposed use permitted by the regulations of Section 5.02.01, to allow the sale of "building material supply, seed, plant, lawn, garden equipment and supply," it was error for his application to be denied. Appellant further argues that the denial of his application cannot be founded on the anticipation of offensive odors based on current and past conduct. We agree with this argument.

██ {¶ 22} At the outset, we acknowledge that "[z]oning legislation is an exercise of the police power. * * * A township has no inherent zoning power. * * * Whatever power a township has to regulate the use of land through zoning regulations is limited to authority expressly delegated and specifically conferred by statute." *Meerland Dairy, L.L.C. v. Ross Twp.*, 2d Dist. No. 07CA0083, 2008-Ohio-2243, 2008-Ohio-2243, ¶ 7. In Ohio, the authority of townships to adopt local zoning regulations is derived from R.C. 519.02.

██ {¶ 23} " 'Zoning ordinances typically provide for two types of uses: permitted and conditional. Permitted uses are those allowed as of right, provided the landowner meets all other requirements, e.g., building code requirement. Conditional uses (also known as special exceptions) are also allowed in the zoning code, but they are uses that may have a significant impact and thus require an administrative hearing for approval.' " *Kipp v. Bd. of Zoning Appeals of Stonelick Twp.*, 12th Dist. No. CA2003–10–086, 2004-Ohio-5903, 2004 WL 2504499, at ¶ 10, quoting Meck & Pearlman, Ohio Planning and Zoning Law (2004) 387, Section 9:11.

{¶ 24} In *Hagan v. Marlboro Twp. Bd. of Zoning Appeals* (Jan. 29, 1996), 5th Dist. No. 95CA0086, 1996 WL 74009, the Fifth Appellate District reviewed a decision of the trial court affirming the Marlboro Township Zoning Board of Appeals' ("ZBA") denial of Hagan's application for construction of a 4,400–square–foot building. The trial court recognized the concerns and inferences drawn by the ZBA that this building was "not solely for the personal use" of Hagan but that he would be using the building for the storage of trucks and equipment used in his business, which would be a violation of the township's zoning resolution. Id. at *2. The Fifth Appellate District stated that a denial of an application cannot be based on "fears of potential future violations of the zoning laws." Id. at *2–3. Further, the court recognized that the Ohio Revised Code does not allow for the denial of a zoning application based upon the "mere perceived threat of possible future nonconforming use[s]"; it does, however,

provide "enforcement powers" if, in fact, an individual violates the zoning code. Id. at *3.

{¶ 25} Similarly, in the case sub judice, the trial court observed the concerns of the Chester Township Board of Zoning Appeals and noted that appellant *"had used and continued to use"* the property at issue for the storage and sale of mulch, which caused dust and offensive odors. (Emphasis added.) While the trial court states in its judgment entry that appellant's "application for a zoning certificate was not based upon speculation or supposition," the evidence in this case demonstrates otherwise. Appellant's past conduct, which was solely related to the storage and sale of mulch, was the only evidence presented to substantiate the denial of appellant's application for a zoning certificate.

{¶ 26} In his application and at the hearing on December 11, 2006, appellant stated that his intention was not only to store and sell mulch at the property, but also to sell, among other things, plants, soil, gravel, pavers, and pipe, all of which were *permitted* uses under the township's zoning resolution. Pursuant to Section 5.02.01, appellant is permitted to conduct such activity on the subject premises; if appellant then violates the zoning laws, the township may seek to enforce them.

{¶ 27} Additionally, the zoning inspector was aware of numerous complaints from neighbors regarding the odor from the mulch. However, he failed to take any action against appellant with regard to this alleged violation. The zoning inspector allowed appellant to violate the resolution without any attempt to enforce it, then used those violations as a basis for denying appellant's application for a use that was permitted. This is a somewhat absurd result.

{¶ 28} Appellee cites *Kipp v. Bd. of Zoning Appeals,* 12th Dist. No. CA2003–10–086, 2004-Ohio-5903, 2004 WL 2504499; *Fast City Raceways, Inc. v. Boston Hts.* (Dec. 28, 1983), 9th Dist. No. 11189, 1983 WL 2263; and *Newman Co. v. Bd. of Zoning Appeals of Painesville Twp.* (1970), 24 Ohio Misc. 251, 53 O.O.2d 314, 265 N.E.2d 336, to support the proposition that a board of zoning appeals may properly consider the detrimental effects of a proposed use of property. The cases cited by appellee, however, are inapposite to the instant case, as *Kipp* considers the denial of a conditional-use permit, *Fast City Raceways* considers the denial of an application for a variance and zoning certificate, and *Newman Co.* considers the denial of a variance. *Kipp* at ¶ 1; *Fast City Raceways,* at *1; *Newman Co.* at 252. In the instant case, the denial of appellant's application for a zoning certificate prohibited appellant from using his property for uses that were *explicitly permitted* in the Chester Township Zoning Resolution. This action is contrary to the spirit of real property law, as stated by the Supreme Court of Ohio:

{¶ 29} "All zoning decisions, whether on an administrative or judicial level, should be based on the following elementary principles which underlie real property law. Zoning restrictions are in derogation of common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. * * * Restrictions on the use of real property by the ordinance, resolution or statute must be strictly construed, and the scope of the restrictions cannot be extended to include limitations not clearly prescribed." *Saunders v. Zoning Dept.* (1981), 66 Ohio St.2d 259, 261, 20 O.O.3d 244, 421 N.E.2d 152.

{¶ 30} The main problem with the township's approach is the contention that an application for a zoning certificate, completely proper and valid on its face, may be subjectively denied at the discretion of the zoning inspector. While there are occasions when an interpretation of the zoning code is required, it should not be within the discretion of the zoning inspector to decide who he or she thinks is going to comply with the zoning code once a permit is issued, for that is the purpose of the enforcement powers.

{¶ 31} The dissent frames the issue in the case sub judice as "not past conduct or present conduct per se[,] [r]ather [that appellant] had the burden to present credible evidence that his use would comply with Chester Township's Zoning Resolution." The dissent also maintains appellant must present "evidence of a definitive plan." However, the law does not place such a burden on appellant when applying for a *permitted* use under the township's zoning resolution. The dissent cites *Barrett Paving Materials, Inc. v. Bd. of Zoning Appeals of Union Twp.* (June 24, 1991), 12th Dist. No. CA90–07–066, 1991 WL 116344, in support of this contention. However, *Barrett* has no application to the facts of this case. The appellants in *Barrett* applied for a conditional-use permit, not a zoning permit. Id. at *1. The dissent conflates a conditional-use permit with a permitted use; however, a conditional-use permit and a permitted use are treated as separate, distinct concepts under zoning law. In the township arena, when a conditional-use permit is applied for, the process typically calls for a review by the board of zoning appeals. The board of zoning appeals reviews the application and decides whether to issue a permit. This is usually done only upon certain conditions, based upon the proposed use. In this case, appellant applied for a certificate for a use that was clearly permitted; he did not need a conditional-use permit. As a result, there was no burden whatsoever on appellant to "present definitive evidence of a plan" other than a statement of proposed use and the typical location of buildings in conformity with the zoning code. Once the certificate is issued, appellant, like everyone else, must comply with the zoning laws; if he does not, the township has the right to enforce its zoning laws.

{¶ 32} The fact that the township claims appellant cannot have a zoning certificate because he has violated the zoning laws in the past begs this court to ask why it did not previously enforce its zoning laws. It appears enjoining appellant's conduct would have been an easy task, since appellant apparently had no certificate to operate anything at all at that location. It is difficult to understand why the township thinks it should be able to use its dilatory enforcement to serve as the basis for the current denial of a permitted use.

{¶ 33} For the foregoing reasons, appellant's sole assignment of error has merit. The judgment of the Geauga County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

RICE, J., concurs.

GRENDELL, J., dissents.

DIANE V. GRENDELL, Judge, dissenting.

{¶ 34} The majority concludes that "the denial of [Dinardo's] application cannot be founded on the anticipation of offensive odors based on current and past conduct." However, the issue in the instant case is not past conduct or present conduct per se. Rather, Dinardo had the burden to present credible evidence that his use would comply with Chester Township's zoning resolution.

{¶ 35} "A zoning certificate shall not be issued unless the plans for the proposed building or structure fully comply with the zoning resolution in effect." *Barrett Paving Materials, Inc. v. Bd. of Zoning Appeals of Union Twp.* (June 24, 1991), 12th Dist. No. CA90–07–066, 1991 WL 116344, *2. While *Barrett* involves an application for a conditional-use permit, as opposed to a permitted-use zoning certificate in the instant case, the fundamental principle enunciated in *Barrett* is still applicable to the present situation. *Barrett* stands for the proposition that any type of zoning certificate should not be issued unless and until the applicant demonstrates compliance with all of the applicable zoning rules in effect. This sentiment is echoed in R.C. 519.17, which does not refer to any specific type of zoning certificate or permit. R.C. 519.17 states that "no such zoning certificate shall be issued unless the plans for the proposed building or structure *fully comply* with the zoning regulations then in effect." (Emphasis added.) In appellant's case, this includes evidence that Dinardo's use would not create offensive odor, dust, air pollution, or other objectionable influences. See Chester Township Zoning Resolution 5.02.01. Dinardo's mere promise of compliance, without evidence of a definitive plan, simply was not enough to warrant the granting of his application for a zoning certificate.

{¶ 36} The Chester Township zoning regulations explicitly provide under the prohibited use section that "[n]o use shall be permitted or authorized to be established which * * * may become hazardous, noxious, or offensive due to emission of odor, smoke, fumes, cinders, dust, noise, gas, * * * or will interfere with adjacent landowners' enjoyment of the use of their land." Chester Township Zoning Resolution 5.00.01(J). Moreover, " '[p]ermitted uses are those allowed as of right, provided the landowner meets all other requirements * * *.' " *Kipp v. Bd. of Zoning Appeals of Stonelick Twp,* 12th Dist. No. CA2003–10–086, 2004-Ohio-5903, at ¶ 10, quoting Meck & Pearlman, Ohio Planning and Zoning Law (2004) 387, Section 9:11. Uses specifically permitted under the Chester Township regulations are only allowed "provided such uses do not emit or create any danger to health and safety in the surrounding area, and do not create any offensive noise, vibration, smoke, dust, heat, glare, flame, *air pollutants or other objectionable influences.*" (Emphasis added.) Chester Township Zoning Resolution 5.02.01.

{¶ 37} Contrary to the majority's assertions, there was sufficient evidence in the record to deny Dinardo's request. Testimony demonstrated that the storing and selling of mulch and its impact on Dinardo's neighbors constituted a "nuisance" and an "eyesore." Additionally, testimony indicated that piles of mulch created offensive dust and dirt in the yards of Dinardo's neighbors. Furthermore, the Chester Township zoning inspector had received numerous complaints about the odor from Dinardo's similar mulch operations in the past. There was sufficient evidence to support the board's determinations that the proposed use would have a negative impact on the values and enjoyment of the neighboring properties due to the dust and odor it would generate as well as its lack of aesthetic appeal. More importantly, Dinardo failed to provide any details as to how he would address the problem of the offensive odor and dust, such as containment structures. Evidence presented clearly demonstrated that Dinardo's proposed use would cause air pollution and other objectionable influences in the neighborhood adjacent to his property in violation of Chester Township Zoning Regulation 5.02.01 and 5.00.01(J).

{¶ 38} The testimony in the record, demonstrating that Dinardo's use would cause air pollutants and other objectionable influences, in violation of the Chester Township zoning regulations, supports the denial of his application. Accordingly, the trial court did not err in affirming the denial of the zoning certificate.

{¶ 39} For the reasons stated above, I respectfully dissent.