[Cite as *Speedway, L.L.C. v. Berea Planning Comm.*, 2013-Ohio-3433.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99341

---

## SPEEDWAY L.L.C., ET AL.

### PLAINTIFFS-APPELLANTS

vs.

## PLANNING COMMISSION CITY OF BEREA

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-780197

**BEFORE:** Rocco, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 8, 2013

**ATTORNEYS FOR APPELLANTS**

Anthony J. Coyne
Tracey S. McGurk
Bruce G. Rinker
Mansour, Gavin, Gerlack & Manos
55 Public Square
Suite 2150
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Anthony R. Vacanti
John P. Slagter
Buckingham, Doolittle & Burroughs
1375 East Ninth Street
Suite 1700
Cleveland, Ohio 44114

James N. Walters, III
31 East Bridge Street, Suite 302
P.O. Box 297
Berea, Ohio 44017

KENNETH A. ROCCO, J.:

{¶1} After purchasing real estate from Westbridge L.L.C., Speedway L.L.C. ("Speedway") (collectively "appellants") submitted an application to the Planning Commission, city of Berea ("Planning Commission") seeking approval to build a gasoline station in the city of Berea ("the City") at 880 North Rocky River Drive ("the Site"). The Planning Commission denied Speedway's application. Appellants appealed the decision in the court of common pleas. The common pleas court upheld the Planning Commission's ruling. Appellants now appeal to this court, asserting that the common pleas court erred in upholding the Planning Commission's decision. We agree with appellants and so we reverse and remand the final judgment.

{¶2} At the time that Speedway proposed to build the gas station in October 2011, the Site was zoned General Commercial. According to § 300.5(a)(iii) of the Berea Zoning Code ("the Zoning Code"), gas stations were a permitted use on land zoned General Commercial. The City was in the process of updating its zoning map when it received Speedway's application, and the City planned to rezone the area where the Site was located. Under the yet-to-be-enacted revisions to the Zoning Code, a gas station would be a prohibited use on the Site.

{¶3} Speedway sought a number of approvals from the Planning Commission: the Site-plan approval; approval to demolish the existing structures on the Site; approval of two height variances; approval of two different signs; landscaping approval; and

lighting approval. The Planning Commission first considered the approvals on January 5, 2012, and voted to deny the Site-plan approval. The Planning Commission later agreed to Speedway's request to reconsider its application.

{¶4} At the reconsideration hearing on March 1, 2012, the Planning Commission approved Speedway's request to demolish the existing structures on the Site, and its request for the two height variances. The Planning Commission tabled consideration of the other items, including Site-plan approval.

{¶5} On March 15, 2012, the Planning Commission again denied Speedway's motion for Site-plan approval. The Planning Commission's decision was memorialized in a document that was filed in the common pleas court, entitled "Conclusions of Fact."

{¶6} Appellants filed an administrative appeal in the common pleas court, challenging the Planning Commission's decision. In its cursory order denying the appeal, the court of common pleas did not cite to any evidence in the record, nor did it articulate any supporting rationale based on the record. Appellants filed their notice of appeal in this court, setting forth four assignments of error for our review:

> I. The Planning Commission's decision to deny Speedway's application is unconstitutional, illegal, arbitrary, capricious, and unreasonable based upon the record and warrants reversal on the merits.
>
> II. A preponderance of substantial, reliable, and probative evidence, taken as a whole, does not support the common pleas court's decision to affirm the Planning Commission's ruling.
>
> III. The common pleas court erred in summarily denying Appellants' request to present additional evidence to the common pleas court in support of its argument that the Planning Commission's ruling violated Appellants' constitutional rights.

IV. Appellants' constitutional right to due process was violated because the City's Law Director exceeded his powers granted by Municipal Charter, and the common pleas court committed reversible error by refusing to review the merits of this argument de novo.

**{¶7}** We address the first two assignments of error together, because they involve the same analysis and are dispositive. When reviewing an administrative appeal, the common pleas court first evaluates the administrative body's decision, weighing the evidence in the record and determining whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence in the record. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). Our review is more limited; our task is to determine whether the common pleas court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. *CBS Outdoor, Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 98141, 2013-Ohio-1173, ¶ 31-32, citing *Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75, ¶ 21-22 (8th Dist.).

**{¶8}** When taken together, the first two assignments of error allege that the common pleas court abused its discretion in upholding the Planning Commission's decision to deny the Site permit, because that decision was unconstitutional, illegal, arbitrary, capricious, and unreasonable and was not supported by reliable, probative, and substantial evidence. We agree.

{¶9} We start with the well-settled principle that because zoning restrictions "are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled," such restrictions are "ordinarily construed in favor of the property owner." (Citations omitted.) *Saunders v. Clark Cty. Zoning Dept.*, 66 Ohio St.2d 259, 261, 421 N.E.2d 152 (1981). Zoning restrictions "cannot be extended to include limitations not clearly prescribed." *Id.* A property owner's right to an existing zoning classification vests upon the submission of its application for a zoning permit. *Gibson v. Oberlin*, 171 Ohio St. 1, 5-6, 167 N.E.2d 651 (1960).

{¶10} Generally, zoning ordinances provide for two types of uses: permitted (or principal) uses and conditional uses. A permitted or principal use is one that is "'allowed as of right, provided the landowner meets all other requirements, e.g., building code requirement.'" *Dinardo v. Chester Twp. Bd. of Zoning Appeals*, 186 Ohio App.3d 111, 2010-Ohio-40, 926 N.E.2d 675, ¶ 23 (11th Dist.), quoting Meck and Pearlman, *Ohio Planning and Zoning Law*, § 9:11, 387 (2004 Ed.). "The city should not consider general aspirations in deciding whether a specific use contravened legislatively adopted standards for a generally permitted use." *Hydraulic Press Brick Co. v. Independence*, 16 Ohio App.3d 204, 208, 475 N.E.2d 144 (8th Dist. 1984). Regardless of whether an administrator is dissatisfied with existing zoning laws in a district, "[u]nless the city rezones that area, it must authorize uses consistent with its existing zoning code." *Id.*

{¶11} It is uncontroverted that the Site was zoned General Commercial at the

time that Speedway submitted its application for a zoning permit. Zoning Code Chapter 301 governed permitted uses in a district zoned General Commercial. The City does not dispute appellants' contention that, under §§ 301.1 and 301.5 of the Zoning Code, a gas station was listed as a principal, permitted use in a General Commercial district. Appellants argue that Speedway's proposed land use and the proposed physical construction conformed with the requirements for General Commercial zoning except that Speedway needed two height variances. The Planning Commission granted the height variances. According to appellants, once the variances were granted, Speedway satisfied the specific Zoning Code criteria and was entitled to Site-plan approval by the Planning Commission.

{¶12} The Planning Commission's decision rejecting Site-plan approval does not reference §§ 301.1 and 301.5 of the Zoning Code. Instead, the Planning Commission relied on subjective criteria, supporting its decision by reference to generic, aspirational language found in §§ 805.7(b), 100.1, and 300.1 of the Zoning Code as well as the 2010 Berea Master Plan ("Master Plan"). The Planning Commission was not permitted to ignore specific and relevant Zoning Code provisions in rendering its decision regarding the Site plan.

{¶13} In denying the Site plan, the Planning Commission improperly relied on § 805.7(b) of the Zoning Code that pertains to building permits and occupancy permits, not to site permits. Section 805.7(b) provides in pertinent part:

> The Planning Commission shall review each application for a building permit and/or occupancy permit * * * to determine whether:

(b) If such application is for a permit for a permitted principal use for which approval of a Preliminary Plan has been requested * * * that such use as proposed by the application for such zoning lot complies with the purpose and intent and basic planning objectives of this Code, the planning objectives for the district and the standards expressed in Section 500.2, and complies with (or is deemed to comply by reason of satisfying the planning objectives of) all substantive requirements of this Code applicable to such use

* * *.

Although Chapter 602 of the Zoning Code applies to the preliminary plan review process for Site-plan approval, the Planning Commission's conclusion of facts does not once refer to this section of the Zoning Code.

{¶14} Relying on language in § 805.7(b) pertaining to "purpose and intent" and "planning objectives," the Planning Commission then turned to § 100.1 of the Zoning Code.   Section 100.1 is entitled "Statement of Purpose and Intent, and Basic Planning Objectives."   This provision states that the purpose of the Zoning Code "can be attained and [its] intent implemented, through the adoption and application of zoning standards, regulations, controls and procedures which recognize * * * the basic planning objectives for the City."   The provision then goes on to list those "basic planning objectives." Section 100.1 does not set forth the actual "zoning standards, regulations, controls and procedures"; rather, this provision serves as a preamble in that it "explain[s] the [Code's] basis and objective."   73 American Jurisprudence 2d, Statutes, Section 44.   By its plain language, section 100.1 does not provide additional criteria for the Planning Commission to consider.   Instead, it makes clear that the basic planning objectives are "recognize[d]" in the specific "standards, regulations, controls and procedures" that appear elsewhere in

the Zoning Code.

{¶15} Relying on § 100.1, the Planning Commission determined that Speedway's Site proposal "does not preserve and strengthen the primary residential character of the City, * * * does not preserve and strengthen the City's tradition of self-identity," and "would be incompatible with and detrimental to adjacent uses." Conclusion of fact at ¶ 49-50. The Planning Commission's reliance on this prefatory language runs afoul of the law. To allow the Planning Commission to rely on the general aspirations set forth in § 100.1 would effectively abrogate the specific provisions that follow, and would grant the Planning Commission the ultimate authority to determine City planning, with no guidelines to inform its decisions. *See S. Park*, *Ltd. v. Council of the City of Avon*, 9th Dist. Lorain No. 05CA008737, 2006-Ohio-2846, ¶ 16 (finding same on similar facts). *See also Hydraulic Press Brick Co.*, 16 Ohio App.3d at 208, 475 N.E.2d 144.

{¶16} The Planning Commission's reliance on § 300.1 is comparable. Citing to this provision, the Planning Commission concluded that the gas station would be "inconsistent with the City's primarily residential character and the purpose, intent, and basic planning objectives of the Zoning Code generally and the commercial district regulations specifically." Conclusion of fact at ¶ 53. On the other hand, the Planning Commission does not once refer to § 301.1, which governs the permitted uses enumerated in Chapter 301 regarding commercial districts. Because this is the relevant provision governing whether a gas station is a permitted use on a site zoned General Commercial, it was unreasonable for the Planning Commission to utterly ignore § 301.1. Further, it is

hard to fathom how the Planning Commission could conclude that a gas station would be "inconsistent with the purpose, intent, and basic planning objectives of * * * the commercial district regulations specifically," when a gas station is an expressly permitted use in the General Commercial district. The Planning Commission's decision sheds no light on how it reached this conclusion.

{¶17} The Planning Commission's decision also improperly elevated the goals set forth in the master plan above specific and relevant Zoning Code provisions. When a master plan is not incorporated into a city's zoning code, "courts have held that the city should not consider these general aspirations in evaluating whether a proposed use complies with the city's standards for permitted use." *Gross Builders v. Tallmadge*, 9th Dist. Summit No. 22484, 2005-Ohio-4268, ¶ 45. The master plan was approved and adopted by ordinance, but it was never explicitly incorporated into the Zoning Code. Section 100.4 of the Zoning Code states that, save one exception that is not pertinent to this case, "[w]hen a provision of this Code conflicts with a provision of any other * * * Ordinance of the City, this Code shall prevail and be controlling * * *." The master plan could serve as a reference for the Planning Commission, but it could not supplant relevant and binding Zoning Code provisions. To the extent that the Planning Commission relied on the master plan and simultaneously ignored relevant Zoning Code provisions, the Planning Commission acted unlawfully.

{¶18} In short, in rejecting the Site-plan application, the Planning Commission unlawfully relied on generalized "intentions" and "purposes" contained in the

introduction to the Zoning Code itself, parallel language contained in the introduction to the Commercial District regulations, and the master plan. Instead of pointing to the specifics of the codified permitted uses, the Planning Commission improperly ignored relevant Zoning Code provisions in favor of general and subjective goals and aspirations. *See S. Park*, 2006-Ohio-2846, ¶ 16. As the Zoning Code specifically permits gas stations in the General Commercial district, the Planning Commission's reliance on general aspirations was erroneous as a matter of law. *See id.* at ¶ 12. The common pleas court abused its discretion in affirming the Planning Commission's decision.

**{¶19}** The record makes clear that at the time that Speedway applied for the Site permit, the City had plans to rezone the district where the Site was located and that the new zoning plan would prohibit gas stations in the newly mapped district. While we are sympathetic to the City's efforts, the Planning Commission was not at liberty to ignore its own relevant Zoning Code provisions in order to appease its future aspirations for the parcel in question. *See S. Park* at ¶ 16. Timing is everything.[1] We sustain the first and second assignments of error, we reverse the judgment of the common pleas court, and we remand for further proceedings consistent with this opinion.

**{¶20}** We decline to address the remaining assignments of error because they are now moot.

**{¶21}** It is ordered that appellants recover from appellee costs herein taxed.

---

[1]The parcel in question was vacant for three years. That was more than enough time for the City to change its zoning classification.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR