[Cite as *Speedway, L.L.C. v. Berea Planning Comm.*, 2014-Ohio-4388.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101106

---

# SPEEDWAY L.L.C., ET AL.

### PLAINTIFFS-APPELLEES

vs.

# PLANNING COMMISSION CITY OF BEREA

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-780197

**BEFORE:** Blackmon, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**ATTORNEYS FOR APPELLANT**

Anthony R. Vacanti
John P. Slagter
Buckingham Doolittle & Burroughs, L.L.P.
One Cleveland Center, Suite 1700
1375 East Ninth Street
Cleveland, Ohio 44114

James N. Walters, III
Director of Law - City of Berea
11 Berea Commons
Berea, Ohio 44017

**ATTORNEYS FOR APPELLEES**

Anthony J. Coyne
Bruce G. Rinker
Justin J. Eddy
Tracey S. McGurk
Mansour, Gavin, Gerlack & Manos, L.P.A.
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Appellant Planning Commission, city of Berea ("Planning Commission") appeals the trial court's decision denying its motion to remand Speedway L.L.C.'s ("Speedway") Site Plan application to the Planning Commission and assigns the following errors for our review:

> I. The trial court erred by failing to remand the Site Plan application back to the Berea Planning Commission for review under Berea Zoning Code Section 602.1, which this Court indicated contained the proper site plan approval criteria.
>
> II. The trial court erred by failing to engage in further proceedings consistent with this Court's opinion and creating a judgment entry sufficient for appellate review.
>
> III.  The trial court erred by failing to remand the matter back to Berea to legislatively adopt and apply constitutionally permissible site plan provisions.

{¶2}   Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

{¶3}   In October 2011, after purchasing real estate from Westbridge, L.L.C., Speedway submitted an application to the Planning Commission seeking approval to build a gasoline station in the city of Berea ("the City") at 880 North Rocky River Drive ("the Site").   In its quest to build a gas station at the Site, Speedway sought a number of approvals including the Site Plan approval; approval to demolish the existing structures on the Site; approval of two height variances; approval of two different signs; landscaping approval; and lighting approval.

{¶4}   At a hearing conducted on January 5, 2012, the Planning Commission voted 5-2 to deny approval of the Site Plan.   As a result, Speedway requested that remaining variances and demolition approvals be tabled and subsequently requested reconsideration of the Site Plan application.   The Planning Commission voted to reconsider Speedway's application, conducted a hearing on March 15, 2012, and voted 4-2 to deny the Site Plan application.

{¶5}   On April 11, 2012, Speedway filed an administrative appeal in the common pleas court, challenging the Planning Commission's decision denying the Site Plan application.     On November 30, 2012, the trial court affirmed the Planning Commission's decision to deny Speedway's Site Plan application.   On December 28, 2012, Speedway timely appealed the trial court's decision affirming the Planning Commission's denial of the Site Plan application.

{¶6}   In *Speedway L.L.C. v. Planning Comm. City of Berea*, 8th Dist. Cuyahoga No. 99341, 2013-Ohio-3433 ("*Speedway I*"), a decision dated August 8, 2013, we concluded that the trial court's decision upholding the Planning Commission's decision to deny the Site Plan application was unconstitutional, illegal, arbitrary, capricious, and unreasonable and was not supported by reliable, probative, and substantial evidence. Consequently, we reversed the judgment of the common pleas court, and remanded for further proceedings consistent with our opinion.

{¶7}   Following our remand, the parties engaged in significant motion practice that is not necessary to recount in detail herein.   Of note, Speedway submitted a proposed

order to carry our mandate into effect. The Planning Commission opposed the proposed order and filed a motion to have the matter remanded to its body for adjudication. The trial court denied the request and issued an order stating that the Planning Commission's denial of Speedway's Site Plan application was unconstitutional, illegal, arbitrary, capricious, and unreasonable. The Planning Commission now appeals.

**Remand of Administrative Appeal**

**{¶8}** We will address the first and third assigned errors together because of their common basis in fact and law. Within these assigned errors, the Planning Commission argues the trial court abused its discretion by failing to remand Speedway's Site Plan application for a new review. An abuse of discretion connotes more than an error of law or of judgment; rather, it implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶9}** In the instant case, the Planning Commission asserts that the trial court should have remanded the matter to the Planning Commission so they could determine whether Speedway's Site Plan application met the approval requirement under Berea Zoning Code Section 602.1. For the reasons that follow, such action was unnecessary.

**{¶10}** In *Speedway I*, we sustained the first and second assigned errors that alleged:

> I. The Planning Commission's decision to deny Speedway's application is unconstitutional, illegal, arbitrary, capricious, and unreasonable based upon the record and warrants reversal on the merits.

II. A preponderance of substantial, reliable, and probative evidence, taken as a whole, does not support the common pleas court's decision to affirm the Planning Commission's ruling.

**{¶11}** In sustaining the above errors, we stated in pertinent part as follows:

It is uncontroverted that the Site was zoned General Commercial at the time that Speedway submitted its application for a zoning permit. Zoning Code Chapter 301 governed permitted uses in a district zoned General Commercial. The City does not dispute appellants' contention that, under §§ 301.1 and 301.5 of the Zoning Code, a gas station was listed as a principal, permitted use in a General Commercial district.

*Id.* at ¶11.

The Planning Commission's decision rejecting Site-plan approval does not reference §§ 301.1 and 301.5 of the Zoning Code. Instead, the Planning Commission relied on subjective criteria, supporting its decision by reference to generic, aspirational language found in §§ 805.7(b), 100.1, and 300.1 of the Zoning Code as well as the 2010 Berea Master Plan ("Master Plan"). The Planning Commission was not permitted to ignore specific and relevant Zoning Code provisions in rendering its decision regarding the Site plan.

*Id.* at ¶12.

In short, in rejecting the Site Plan application, the Planning Commission unlawfully relied on generalized "intentions"and "purposes" contained in the introduction to the Zoning Code itself, parallel language contained in the introduction to the Commercial District regulations, and the master plan. Instead of pointing to the specifics of the codified permitted uses, the Planning Commission improperly ignored relevant Zoning Code provisions in favor of general and subjective goals and aspirations. *See S. Park, Ltd. v. Council of the City of Avon*, 9th Dist. Lorain No. 05CA008737, 2006-Ohio-2846, ¶ 16. As the Zoning Code specifically permits gas stations in the General Commercial district, the Planning Commission's reliance on general aspirations was erroneous as a matter of law. *See Id.* at ¶ 12. The common pleas court abused its discretion in affirming the Planning Commission's decision.

*Id.* at¶ 18.

**{¶12}** Here, the clear import of our decision in *Speedway I* and as the excerpt above illuminates, is that Site Plan application should have been granted had the Planning Commission not chosen to ignore the specific and relevant zoning code provision. We underscore that it is undisputed that at the time Speedway submitted the Site Plan application, a gas station was listed as a principal, permitted use in a General Commercial district. Thus, had the Planning Commission followed their own relevant code section, there should have been no proper reason for Speedway's Site Plan application to be denied.

**{¶13}** Thus, when we found that the trial court abused its discretion by affirming the Planning Commission's decision to deny Speedway's Site Plan application, we were in fact saying that the application should have been approved. Consequently, on remand, in denying the Planning Commission's request to remand the case to its body for final adjudication, the trial court was properly following our mandate.

**{¶14}** Nonetheless, the Planning Commission now argues that although a proposed Site Plan falls within a permitted use, the Planning Commission is under no obligation to approve the Site Plan. In support of its argument, the Planning Commission cites to *Key-Ads, Inc. v. Bd. of Cty. Commrs.,* 12th Dist. Warren No. CA2007-06-085, 2008-Ohio-1474, that concluded that an application for a permitted use may be denied if it negatively impacts the health, safety, morals, and welfare of the general public and neighboring property occupants.

{¶15} The Planning Commission contends it is necessary for its body to review Speedway's Site Plan application under Berea Zoning Code Section 602.1. to allay "substantial vehicular and pedestrian safety concern." In the instant case, when the Planning Commission denied Speedway's Site Plan application, the body included a generalized statement in its conclusion of fact that "a commercial and industrial fueling station located on the Site would contribute to increased traffic congestion and related safety issues."

{¶16} However, although vehicular and pedestrian safety are to be considered in determining whether to grant Site Plan approval under Section 602.1(c) of the code, our review indicates traffic congestion is not a consideration under Section 602.1(c). Further, unlike *Key-Ads, Inc.,* the Planning Commission has not articulated what safety issues are of concern. Speedway insists the Planning Commission's present assertion is disingenuous, vague, and might even be pretextual.

{¶17} What we do know is that while a trial court is authorized under R.C. 2506.04 to remand the matter back to the administrative body, it does not necessarily follow that the trial court abuses its discretion by not remanding the matter to the administrative body. *See State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512. Here, given our clear mandate in *Speedway I*, the trial court implicitly determined that the evidence supported the approval of Speedway's Site Plan application.

{¶18} Finally, the Planning Commission argues the trial court should have remanded the matter to its body to legislatively adopt and apply constitutionally permissible Site Plan provisions. We find no merit in these assertions. In *Speedway I*, we determined that the Planning Commission chose to ignore the relevant code provisions, not that any of the Site Plan provisions were unconstitutional.

{¶19} Based on the foregoing, we find no abuse of discretion in the trial court's decision to deny the Planning Commission's request to remand the matter to its body. Accordingly, we overrule the first and third assigned errors.

{¶20} In the second assigned error, the Planning Commission argues the trial court erred by failing to engage in further proceedings consistent with our opinion in *Speedway I*. As previously noted, following our remand, the parties engaged in significant motion practice. During this time, the trial court implicitly determined that the evidence supported the approval of Speedway's
Site Plan application. Further, the trial court's journal entry sufficiently made clear, that based on the record, the Planning Commission's decision to deny Speedway's application was unconstitutional, illegal, arbitrary, capricious, and unreasonable. In our view, nothing more needed to be said. Accordingly, we overrule the second assigned error.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR