[Cite as *Coates Run Property LL, L.L.C. v. Athens Bd. of Zoning Appeals*, 2015-Ohio-4732.]

.IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| COATES RUN PROPERTY LL, LLC, | : | Case No. 15CA5 |
| | : | |
| Appellant-Appellant, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| CITY OF ATHENS BOARD OF ZONING APPEALS, ET AL., | : | |
| | | |
| Appellees-Appellees. | : | **RELEASED: 11/12/2015** |

_____

APPEARANCES:

B. Lafe Metz, Buchanan Ingersoll & Rooney PC, Pittsburgh, Pennsylvania, for appellant.

Lisa A. Eliason, Athens Director of Law, Athens, Ohio, for appellees City of Athens Board of Zoning Appeals, Athens Zoning Administrator John Paszke, and City of Athens, Ohio.

Richard A. Brahm and Nicholas C. Cavalaris, Kegler, Brown, Hill & Ritter, LPA, Columbus, Ohio, and David W. Fisher, Kephart Fisher LLC, Columbus, Ohio, for appellee, Athens River Gate, LLC.

_____

Harsha, J.

{¶1}    Following a hearing at which Coates Run Property LL, LLC ("Coates Run") did not actively participate, the Athens Board of Zoning Appeals granted a variance to Athens River Gate, LLC ("Athens River Gate") from municipal maximum lot-coverage restrictions for its planned student-housing project. Coates Run, which owns a student-housing complex in another part of the city, appealed the granting of the variance to the common pleas court based on R.C. 2506.01 and Athens City Code 23.07.11(A). The trial court granted the motions of appellees the city of Athens, its zoning administrator,

and its board of zoning appeals, and intervening appellee, Athens River Gate, and dismissed Coates Run's appeal for lack of standing.

{¶2}    Following the filing of this appeal, Coates Run failed to obtain a stay or injunction preventing the commencement of the planned student-housing project, and construction commenced.  Because Athens River Gate has established that this appeal is now moot and the remaining parties do not assert that an exception to the mootness doctrine is applicable, we grant Athens River Gate's motion and dismiss this appeal as moot.

## I. FACTS

{¶3}    Two companies affiliated with Athens River Gate initially sought four variances from Athens City Code zoning requirements to build a 4 ½-story apartment complex primarily providing off-campus housing for Ohio University students with 312 beds, 223 parking spaces, and 81.5% lot coverage.  The Athens Board of Zoning Appeals held a hearing on the request for variances. Pam Wells, a representative for Coates Run, which owns an apartment complex providing student housing over a mile away in another part of the city, attended the hearing.  Acting on behalf of Coates Run, Wells objected to the requested variances based on on-site parking and building-height concerns.  The board denied the requested variances, and the property came under Athens River Gate's ownership, which included the same people and development team as the affiliated companies that sought the original variances.

{¶4}    Athens River Gate revised its planned development to comply with the building-height, bed-number, and on-site parking requirements of the Athens City Code and applied for a single variance from the city code's 60% total lot-coverage

requirement to allow a total-lot coverage of 77.5%.  After Athens Zoning Administrator

John Paszke denied the variance, Athens River Gate appealed to the Athens Board of

Zoning Appeals, which conducted a hearing on the request for a variance.  At the

hearing the lone objection to Athens River Gate's request for a variance was presented

by attorney Kenneth Ryan, who claimed that he represented an unspecified "group of

commercial real estate owners within the City of Athens."  He did not purport to

represent Coates Run, which owns residential real estate in Athens, and no one

representing Coates Run objected on the record to the variance.  The Athens Board of

Zoning Appeals unanimously approved the following variance for Athens River Gate:

> Therefore, by a vote of 5-0, the Board has approved your request
> regarding property located at 10 South Green Drive for a variance from
> ACC 23.10, Table A, Schedule of Bulk Controls, to allow construction of a
> multi-unit apartment building with a total lot coverage of seven-seven point
> five percent (77.5%) where sixty percent (60%) is the maximum allowed,
> with the condition that four-inch (4") caliper trees be part of the process.
> (OP12 Resolution)

**{¶5}**    Coates Run appealed the board of zoning appeals' decision to the Athens

County Court of Common Pleas pursuant to "R.C. Chapters 2505 and 2506 and Athens

City Code [ ]23.07.11(A)."  Athens, its zoning administrator, and its board of zoning

appeals filed a motion to dismiss the appeal for lack of standing.  Athens River Gate

intervened in the appeal and also moved to dismiss the appeal for lack of standing.

**{¶6}**    In a detailed decision and judgment, the common pleas court granted the

motions and dismissed Coates Run's appeal for lack of standing.  The trial court

determined that because Coates Run did not prove that it actively participated in the

relevant board of zoning appeals proceeding, it lacked standing to pursue its

administrative appeal.

{¶7}    Following the filing of this appeal and before the scheduled date of oral argument, Coates Run did not seek a stay of Athens River Gate's construction of the planned student-housing development.  In the absence of an order staying or enjoining the construction, Athens River Gate demolished the former church located on the property, substantially completed site development, and commenced construction. Athens River Gate filed a motion to dismiss this appeal based on mootness, attaching an affidavit of Richard A. Margolis, a managing member of a limited liability company that is the sole member of Athens River Gate.  In the affidavit Margolis specified that Athens River Gate had spent approximately $2,400,000 in connection with the construction of the development and that its construction of the project began in May 2015 and was substantially underway.

{¶8}    Neither Coates Run nor the municipal appellees filed a timely memorandum in opposition to Athens River Gate's motion to dismiss.[1]

## II. ASSIGNMENTS OF ERROR

{¶9}    Coates Run assigns the following errors for our review:

1. The trial court erred as a matter of law in finding that Athens City Code 23.07.11(A) did not independently control Coates Run's appeal.

2. The trial court erred as a matter of law in finding that Athens City Code 23.07.11(A) requires the same "active participation" standard to confer standing upon a party as R.C. 2506.01.

3. The trial court erred as a matter of law in finding that Coates Run did not "actively participate" in the underlying Board of Zoning Appeals hearing.

---

[1] Thirty-one days after Athens River Gate filed its motion to dismiss, Coates Run filed a memorandum in opposition.  This motion was not timely filed, see App.R. 15(A) and 14(C), and Coates Run did not file a motion for leave to file its belated response or establish good cause for its untimely filing.  Therefore, we need not consider it.

    4.  The trial court's judgment is erroneous as a matter of law and not supported by credible and competent evidence.

### III. LAW AND ANALYSIS

### Mootness

**{¶10}** Athens River Gate asserts that this appeal is moot because construction of its planned student development that Coates Run sought to prohibit has commenced and no stay of that construction has been issued. Neither Coates Run nor the municipal appellees have filed a timely memorandum in opposition.

**{¶11}** A " 'case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). "It is not the duty of the court to answer moot questions, and when pending proceedings * * *, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition * * *." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *see also Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991) ("Ohio courts have long exercised judicial restraint in cases which are not actual controversies. No actual controversy exists where a case has been rendered moot by an outside event"). "Conversely, if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." *State ex rel. Gaylor v. Goodenow*, 125 Ohio St.3d 407, 2010–Ohio–1844, 928 N.E.2d 728, ¶ 11; *State v. Consilio*, 114 Ohio St.3d 295, 2007–Ohio–4163, 871 N.E.2d 1167, ¶ 7.

{¶12}  These general precepts are not limited to original actions—they also apply to appeals.  *See Cincinnati Gas & Elec. Co. v. Pub. Util. Comm. of Ohio*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 15 ("an appellate court need not consider an issue, and will dismiss the appeal, when the court becomes aware of an event that has rendered the issue moot"); *Miner* at syllabus; *Rambacher v. Testa*, 4th Dist. Lawrence No. 13CA14, 2014-Ohio-1488, ¶ 14-16 (applying general rules concerning mootness to determine whether an administrative appeal should be dismissed as moot).

{¶13}  More pertinently, it is well settled that "[w]here an appeal involves the erection of a structure and the appellant has failed to obtain a stay of execution of a trial court's order permitting construction, the appeal will be moot if construction has commenced pursuant to the order."  *See generally* Meck and Pearlman, *Baldwin's Ohio Planning and Zoning Law*, Section 14:18 (2015 Ed.); *Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-Ohio-7059, ¶ 32 ("courts in Ohio have held that when an appeal involves the construction of a building and the appellant fails to obtain a stay of execution of the trial court's ruling, and construction commences, the appeal is rendered moot"); *Pinkney v. Southwick Investments, L.L.C.*, 8th Dist. Cuyahoga Nos. 85074 and 85075, 2005-Ohio-4167, ¶ 14; *Redmon v. Columbus City Council*, 10th Dist. Franklin No. 05AP-466, 2006-Ohio-2199, ¶ 6; *Schuster v. Avon Lake*, 9th Dist. Summit No. 03CA008271, 2003-Ohio-6587, ¶ 8; *compare Gaylor* at ¶ 11 ("In a construction-related case, if an unsuccessful bidder seeking to enjoin the construction of a public-works project fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, the unsuccessful bidder's action will be dismissed as moot").  Consequently, a party is not "at fault" for

purposes of determining whether a proceeding is moot if it proceeds with construction that is the subject of a case in which it has not been enjoined from proceeding.

{¶14} The purpose of Coates Run's appeal is to prevent Athens River Gate's construction of a planned student-housing development. But because Coates Run failed to obtain a stay or other order enjoining the construction of the development pending its appeal, construction has substantially commenced, as established by the affidavit attached to Athens River Gate's unopposed motion to dismiss this appeal. *See State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. DuPuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("An event that causes a case to become moot may be proved by extrinsic evidence outside the record").

{¶15} Neither Coates Run nor the municipal appellees assert that any exception to the application of the mootness doctrine applies to this appeal. That is, they do not suggest that this case raises issues that (1) are capable of repetition, yet evading review, (2) involve matters of great public importance, or (3) constitute unresolved debatable constitutional questions. *See Millenia Hous. Mgt., Ltd. v. Withrow*, 4th Dist. Athens No. 12CA2, 2013-Ohio-278, ¶ 9-10.

{¶16} Therefore, we agree that Athens River Gate has established that this appeal is moot because it involves the construction of a planned student-housing development, no stay or injunction was obtained pending appeal, and construction of the contested development has proceeded at substantial expense.

## IV. CONCLUSION

{¶17} We grant Athens River Gate's motion and dismiss this appeal because it is moot.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, A.J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
William H. Harsha, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**