[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ebersole v. City Council of Powell,* Slip Opinion No. 2017-Ohio-509.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-509

THE STATE EX REL. EBERSOLE *v.* CITY COUNCIL OF POWELL ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ebersole v. City Council of Powell,* Slip Opinion No. 2017-Ohio-509.]

*Elections—Mandamus—Writ sought to compel city council to place a referendum on the ballot—Writ denied.*

(No. 2016-1701—Submitted February 9, 2017—Decided February 14, 2017.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Brian Ebersole, seeks a writ of mandamus to compel respondent Powell City Council to place a referendum on the May 2017 ballot. We deny the writ.

*Background*

{¶ 2} This case arises out of efforts to develop 8.75 acres of land adjoining Beech Ridge Drive in Powell, Ohio. On or about April 24, 2015, Arlington Homes[1] submitted a development plan for the property to Powell. The plan envisioned a residential development to be called Harper's Pointe, consisting of 47 single-family condominium homes. The plan also requested a change of zoning classification for the property from "R-Residential and Planned Commercial" to "Planned Residential-PR."

{¶ 3} On May 19, 2015, the Powell City Council adopted Ordinance 2015-18, approving the plan and amending the zoning map from "PC, Planned Commercial District and R, Residence District" to "PR, Planned Residence District."

{¶ 4} In November 2015, the voters of Powell rejected Ordinance 2015-18 in a referendum election.

{¶ 5} On or about July 26, 2016, Arlington Homes submitted a second development plan for Harper's Pointe. This time, the plan called for the construction of 48 single-family homes on the same 8.75 acres. Arlington Homes' new application again sought to rezone the property as Planned Residential-PR but the zoning commission insisted instead that the land should be rezoned to DR, Downtown Residence District.

{¶ 6} On November 1, 2016, Ordinance 2016-44—rezoning the property from Planned Commercial and Residence Districts to Downtown Residence District—came before the Powell City Council for a second reading. The city's law director clarified for the council that the *only* matter up for consideration was the proposed rezoning and that the council was not voting on the proposed

---

[1] Arlington Homes is the trade name for Len Pivar Builder, Inc., one of the intervening respondents in this case.

development plan at that time. The council formally voted to clarify that the development plan was not part of the document under consideration and then approved Ordinance 2016-44.

*Legal issue and procedural development*

**{¶ 7}** The Powell City Charter, Article VI, Section 6.06(B) provides that "[o]rdinances rejected or repealed by an electoral vote shall not be re-enacted, in whole or in part, except by an electoral vote." During the November 1 council meeting at which Ordinance 2016-44 was adopted, Councilman Tom Counts expressed concern about violating the charter:

> I was concerned at the last Council meeting about what our obligations would be if we were to find this Ordinance to be similar in whole or in part [to the prior Ordinance] because our Charter says that if it is similar it needs to be voted on by the residents. I believe that we as a Council need to have a discussion about whether we believe that this Ordinance is different than the other ordinance. I had asked our Law Director to prepare a proposed amendment ordinance which not only has the existing language in it but that it has language which sends it to the ballot. * * * If this Council were to approve this Ordinance, it would have to be based on the fact that they believe that this Ordinance is somehow different than the old ordinance.

The motion to amend the ordinance to add language sending the matter to the ballot failed by a 5-2 vote.

**{¶ 8}** Ebersole contacted the city's law director on at least two occasions, urging him to seek a writ of mandamus to compel the council to place the new

3

ordinance on the ballot. When that effort was unsuccessful, Ebersole commenced the present mandamus action.

**{¶ 9}** Powell filed a motion to dismiss, which we denied. ___ Ohio St.3d ___, 2017-Ohio-143, ___ N.E.3d ___. We also granted the motion of Len Pivar Builder, Inc., d.b.a. Arlington Homes, and LS Powell 2470, L.L.C., the owner of the real property in issue, to intervene as respondents. *Id*. The matter is now fully briefed.

*Standard for mandamus relief*

**{¶ 10}** To be entitled to a writ of mandamus, a relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

*Legal analysis*

**{¶ 11}** The parties have cast this case as a dispute over whether Ordinance 2016-44 reenacts Ordinance 2015-18. We need not decide that question, however, because there is a preliminary matter that is dispositive: Ebersole has sought the wrong legal relief in the wrong court.

**{¶ 12}** The precise language in Powell City Charter, Article VI, Section 6.06(B) provides that "[o]rdinances rejected or repealed by an electoral vote *shall not be re-enacted*, in whole or in part, except by an electoral vote." Ebersole construes this language as mandating an automatic referendum if the city council reenacts a measure previously rejected through referendum. We construe Section 6.06(B) differently.

**{¶ 13}** Section 6.06(B) is an affirmative limitation on the power of the city council. The only way to achieve a reenactment, after a rejection at the ballot box, is through a ballot initiative approved by the voters. Under this reading, a reenacted ordinance that was not approved by initiative is void ab initio, not conditionally

valid but subject to referendum. Ebersole's proper course of action, therefore, is to challenge the validity of Ordinance 2016-44 by way of a suit for declaratory judgment, a form of relief this court has no original jurisdiction to grant. *State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21, ¶ 22.

**{¶ 14}** In reaching this conclusion, we offer no opinion as to whether a complaint for declaratory judgment would have merit. Our decision is limited to the holding that Ebersole is not entitled to a writ of mandamus because, under the charter, the city has no clear legal duty to place the matter on the ballot.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., concurs separately.

_____

**O'DONNELL, J., concurring separately.**

**{¶ 15}** The Powell City Charter, Article VI, Section 6.06(B) provides that "[o]rdinances rejected or repealed by an electoral vote shall not be re-enacted, in whole or in part, except by an electoral vote." The subject of this case is two ordinances, the second of which has been challenged by Ebersole, who suggests that it should have been submitted to voters pursuant to the Powell City Charter.

**{¶ 16}** Ordinance 2015-18 rezoned 8.75 acres of land adjoining Beech Ridge Drive in Powell, Ohio, from "PC, Planned Commercial District and R, Residence District" to "PR, Planned Residence District." It also approved a plan for the construction of 47 single-family condominium homes in a residential development to be called Harper's Pointe. Powell voters rejected this ordinance in a referendum election.

**{¶ 17}** In contrast, Ordinance 2016-44 only rezoned this property from "PC, Planned Commercial District and R, Residence District" to "DR, Downtown

Residence District." Importantly, this ordinance did not approve any development plan for the property.

{¶ 18} "Re-enact" means "to enact (as a law) again." *Webster's Third New International Dictionary* 1907 (1993). It is manifest that the city council did not *re-enact* (in whole or in part) the ordinance rezoning the property to a planned residence district, which the electors rejected by referendum, because it *enacted* a new ordinance rezoning the property to downtown residence district. And while it may be true that Arlington Homes hopes to construct 48 single-family homes on the same 8.75 acres and to call that new development Harper's Pointe, that fact is irrelevant to the analysis here, because Ordinance 2016-44 did not enact, much less re-enact, any development plan for the property.

{¶ 19} Accordingly, in my view, the city council complied with the Powell City Charter when it enacted Ordinance 2016-44, and it had no clear legal duty to refer this matter to the electors of Powell. For this reason, I would deny the writ of mandamus.

————————

Brian Ebersole, pro se.

Frost Brown Todd, L.L.C., Eugene L. Hollins, Katherine Klingelhafer, and Yazan S. Ashrawi, for respondent.

Vorys, Sater, Seymour & Pease, L.L.P., Joseph R. Miller, Christopher L. Ingram, and Kara M. Mundy, for intervening respondents.

————————