[Cite as *Kent Investors, L.L.C. v. Kent Planning Comm.*, 2019-Ohio-410.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| KENT INVESTORS, LLC, | : | **MEMORANDUM OPINION** |
| Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0075** |
| CITY OF KENT PLANNING COMMISSION, et al., | : | |
| Appellees, | : | |
| SCOTT J. FLYNN, et al., | | |
| Appellants. | | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2017 CV 00568.

Judgment: Appeal dismissed.

*Stephen W. Funk,* Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron OH 44308 (For Kent Invertors, LLC, Appellee).

*Eric R. Fink,* Assistant Law Director, City Of Kent Planning Commission, 319 South Water Street, Kent, OH 44240. (For Appellee).

*Stephen W. Funk,* Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron OH 44308 (For City of Kent, Appellee).

*Scott J. Flynn,* Flynn, Keith & Flynn, 250 South Water Street, P.O. Box 762, Kent, OH 44240 (For Appellants).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellee, Kent Investors LLC, sought to develop an 8,500 square foot property located at 1005 East Main Street in Kent, Ohio. It submitted a site plan to the

city's planning commission, which rejected the plan. Thereafter, Kent Investors submitted a revised site plan, which the planning commission again rejected. Kent Investors filed an administrative appeal with the Portage County Court of Common Pleas, which set a briefing schedule. After briefing had commenced, eight nearby property owners sought to intervene. [1] By a judgment entry filed September 27, 2017, the trial court denied the motion to intervene. By a judgment entry filed September 29, 2017, the trial court reversed the planning commission's denial of approval for the revised site plan, and ordered the project to go forward pursuant to that plan. The reason for the denial was that the board members who rejected the plan did so for reasons not contained in the zoning code, and admitted this on the record.

{¶2} Appellants, the property owners timely noticed this appeal, assigning three errors:

"[1.] The trial court abused its discretion by determining that appellants' motion to intervene was not timely filed and did not comply with the other requirements of Civ.R. 24(A) and (C).

"[2.] The trial court abused its discretion by holding that appellants lacked standing to intervene.

[3.] The trial court abused its discretion when it reversed the decision of the Kent Planning Commission to deny the site plan."

{¶3} We commence our analysis by considering the third assignment of error.

---

1. Scott Flynn, Randall Smith, Susan Smith, Mary Jacoby, Kim Sebaly, Fay Ann Sebaly, Terry Kuhn, and Faith Lutheran Church.

{¶4} A court of appeals reviews the judgment of the trial court in an administrative appeals case to discover, whether as a matter of law, the trial court's judgment is supported by a preponderance of reliable, probative, and substantial evidence. *Dinardo v. Chester Twp. Bd. of Zoning Appeals*, 186 Ohio App.3d 111, 2010-Ohio-40, ¶17 (11th Dist.)

{¶5} In *Dinardo*, this court held that a zoning inspector cannot reject an application for a zoning certificate for subjective reasons, but must follow the zoning code. *Id.* at ¶30. Similarly, we hold that a board of zoning appeals cannot ignore the zoning code, and reject a site plan subjectively.

{¶6} This disposition of the third assignment of error renders the first and second moot.

{¶7} Further, a review of the record reveals that the property owners never sought or received a stay of the trial court's judgment, either in that court or this court.

{¶8} March 27, 2018, Kent Investors moved to dismiss this appeal as moot. Attached to its motion is the affidavit of Gary O'Nesti, project manager for the subject development. In his affidavit, Mr. O'Nesti avers that Kent Investors commenced construction of the development March 5, 2018, and that the footers were completed March 26, 2018. Photographs of the construction are attached to the affidavit as exhibits. In its motion, Kent Investor points to our decision in *Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-Ohio-7059, ¶32, where we stated:

{¶9} "[C]ourts in Ohio have held that when an appeal involves the construction of a building and the appellant fails to obtain a stay of execution of the trial court's ruling, and construction commences, the appeal is rendered moot. *Poulson v. Wooster City Planning Comm.,* 9th Dist. No. 04CA0077, 2005-Ohio-2976, at ¶7; *Nextel W. Corp. v.*

3

*Franklin County Bd. of Zoning Appeals,* 10th Dist. No. 03AP-625, 2004-Ohio-2943, at ¶13; *Pinkney v. Southwick Invs.,* 8th Dist. Nos. 85074 and 85075, 2005-Ohio-4167, at ¶14."

{¶10} Kent Investors further point to the opinion in *Coates Run Properties, L.L.C. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens No. 12CA5, 2015-Ohio-4732, ¶14, wherein the court held, inter alia, that a party could establish on appeal that a construction project had commenced by way of affidavit testimony, in order to obtain dismissal.

{¶11} Again, the property owners in this case have never obtained a stay of the trial court's judgment. They have not timely opposed this motion to dismiss.

{¶12} The assignments of error lack merit, or are moot. The appeal is moot.

{¶13} At this juncture, the property owners only potential remedy lies in having the Supreme Court of Ohio overturn the law set forth in *Dinardo*, or possibly, by way of writ, since, absence a reversal of the law set forth in *Dinardo*, no legal remedy remains.

{¶14} Appellee's motion to dismiss the appeal is granted.

TIMOTHY P. CANNON, J., concurs in judgment only with a Concurring Opinion,
DIANE V. GRENDELL, J., concurs in judgment only.

_____

TIMOTHY P. CANNON, J., concurring in judgment only.

{¶15} I concur with the decision to dismiss the appeal as moot due to appellants' failure to obtain a stay. The opinion should be limited to this analysis. *See, e.g., Nextel W. Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 10th Dist. Franklin No. 03AP-625, 2004-

4

Ohio-2943 (with limited exceptions, a court cannot entertain jurisdiction over a moot question). I therefore disagree with any discussion as to the merits of the third assignment of error.

{¶16} Additionally, assuming we could entertain jurisdiction, the case upon which the majority relies for its discussion of the third assignment of error has no application here. In *Dinardo v. Chester Twp. Bd. of Zoning Appeals*, 11th Dist. Geauga No. 2009-G-2884, 2010-Ohio-40, this court held a zoning inspector cannot deny a zoning permit to a property owner for a *permitted* use based on his or her subjective belief that the owner would violate the zoning resolution. *Id.* at ¶30. In the case sub judice, the issue raised is whether the Board of Zoning Appeals properly or improperly considered numerous factors, many of which require a subjective determination. I respectfully concur in judgment only.

5