[Cite as *Ebersole v. Powell*, 2019-Ohio-946.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BRIAN EBERSOLE, et al.

     Appellants

-vs-

CITY OF POWELL, et al.

     Appellees

JUDGES:
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., P. J.
Hon. Patricia A. Delaney, J.

Case No. 18 CAH 08 0056

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 17 CVH 06 0381 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | March 19, 2019 |

APPEARANCES:

For Appellants

STEFANIA DENBOW-HUBBARD
4388 Scenic Drive
Columbus, Ohio 43214

For Appellee City

EUGENE HOLLINS
YAZAN S. ASHRAWI
THADDEUS M. BOGGS
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215

For Appellees Developers

JOSEPH R. MILLER
JOHN M. KUHL
CHRISTOPHER L. INGRAM
KARA M. MUNCY
VORYS, SATER, SEYMOUR & PEASE
52 E. Gay Street, P. O. Box 1008
Columbus, Ohio 43216-1008

*Wise, John, J.*

**{¶1}** Appellants Brian Ebersole and Thomas Happensack appeal the decision of the Court of Common Pleas, Delaware County, which denied their motion for summary judgment and granted judgment on the pleadings in favor of Appellees City Council of Powell, Ohio, et al., in a declaratory judgment action pertaining to the development of a certain 8.75-acre parcel of real property. The relevant facts leading to this appeal are as follows.

### Subject Property

**{¶2}** The 8.75-acre parcel in question is located at 2470 West Powell Road, the former site of a firearms range. In April 2015, Intervenor-Appellee Arlington Homes[1] submitted a development plan regarding "Harper's Pointe," a proposed residential development consisting of 47 single-family condominium homes, along with a requested change of zoning classification for the property from "R–Residential and Planned Commercial" to "Planned Residential–PR."

### Ordinance 2015-18

**{¶3}** On or about May 19, 2015, the city council of Powell adopted Ordinance 2015-18, which was entitled "An Ordinance Approving A Zoning Map Amendment And Final Development Plan For The Development Of 47 Single Family Condominium Homes On 8.75 Acres Off Of Beech Ridge Drive And To Change The Zoning Map From PC, Planned Commercial District And R, Residence District To Reflect This Property To Be PR, Planned Residence District."

---

[1] Arlington Homes is the d/b/a name for Len Pivar Builders, Inc. Appellate counsel for Arlington Homes also represents the entity LS Powell 2470, LLC.

{¶4} Appellants, Powell residents, thereafter circulated a referendum petition and had Ordinance 2015-18 put to a popular vote on November 3, 2015. The voters disapproved Ordinance 2015-18 at that time.

### *Ordinance 2016–44*

{¶5} In July 2016, Intervenor-Appellee Arlington Homes again submitted a development plan for Harper's Pointe on the 2470 West Powell Road property. This plan called for the construction of 47 single-family homes on the same 8.75 acres. Arlington Homes' new application again sought to rezone the property as Planned Residential–PR, but the zoning commission decided instead that the land should be rezoned to DR, Downtown Residence District.

{¶6} On November 1, 2016, Ordinance 2016–44, intended to rezone the property in question from Planned Commercial and Residence Districts to Downtown Residence District, came before the Powell City Council. After clarification that the matter for consideration was the proposed rezoning and that the council was not voting on the proposed development plan at that time, the council approved Ordinance 2016–44.

### *Ordinance 2017-14*

{¶7} On June 6, 2017, the city council passed "Ordinance 2017-14," which approved a final development plan proposal prepared by Intervenor-Appellee LS Powell 2470 LLC concerning the property, based on the criteria set forth for the site's "Downtown Residence District" zoning.

### *Subsequent Proceedings*

{¶8} Appellants filed a notice of administrative appeal with the Delaware County Court of Common Pleas (hereinafter "trial court") on July 5, 2017, challenging the

approval of the development plan. They relied in part on the Powell City Charter, Art. VI, §6(B), which states as follows: "Ordinances rejected or repealed by an electoral vote shall not be re-enacted, in whole or in part, except by an electoral vote." This provision thus prohibits the city council from overturning a referendum vote without first obtaining voter approval to do so through another popular vote.[2] The administrative appeal has become the subject of a separate appeal to this Court, under case number 18 CAH 02 0013.

{¶9} On June 19, 2017, appellants also filed a declaratory judgment action in the Delaware County Court of Common Pleas, which is the subject of the within appeal (case number 18 CAH 08 0056), heard by this Court at oral argument on the same day as 18 CAH 02 0013.

{¶10} On July 25, 2017, the City filed a motion challenging appellants' standing in the case *sub judice*. The trial court denied the City's motion on January 11, 2018

{¶11} On April 30, 2018, the City filed a motion for judgment on the pleadings. On the same day, appellants filed, *inter alia,* a motion for summary judgment.

{¶12} On July 10, 2018, the trial court issued an eight-page judgment entry granting the City's motion for judgment on the pleadings and denying appellants' motion for summary judgment.

{¶13} On August 3, 2018, appellants filed a notice of appeal with this Court.

{¶14} Appellate briefs were filed, and the appeal was ultimately set for oral argument on January 10, 2019. But on December 5, 2018, Intervenor-Appellees LS

---

[2] The Ohio Supreme Court, in a prior mandamus challenge involving Art. VI, §6(B), held that Appellant Ebersole's proper course of action was to "challenge the validity of Ordinance 2016–44 by way of a suit for declaratory judgment ***." *See State ex rel. Ebersole v. City Council of Powell*, 149 Ohio St.3d 501, 2017-Ohio-509, 75 N.E.3d 1245, ¶ 13.

Powell 2470 LLC and Len Pivar Builders Inc., d/b/a Arlington Homes, filed a motion with this Court to dismiss the appeal as moot. Appellants filed a memorandum in opposition on December 17, 2018. The aforesaid appellees filed a reply on December 26, 2018. *See infra*.

{¶15} Appellants herein raise the following five Assignments of Error:

{¶16} "I.   THE COMMON PLEAS COURT ERRED BY GRANTING THE CITY APPELLEES JUDGMENT ON THE PLEADINGS AND FAILING TO GRANT APPELLANTS SUMMARY JUDGMENT BECAUSE ORDINANCES 2016-44 AND 2017-14 EACH VIOLATE POWELL CHARTER ART. VI, § 6(B) AND ARE THEREFORE VOID *AB INITIO.* POWELL ORDINANCES 2016-44 AND 2017-14 RE-ENACT POWELL ORDINANCE 2015-18 'IN WHOLE OR IN PART' IN VIOLATION OF POWELL CHARTER ART. VI, § 6(B) WHERE, AS HERE, ORDINANCE 2015-18 WAS REJECTED BY REFERENDUM ELECTION, ORDINANCES 2016-44 AND 2017-14 APPROVE MATERIALLY THE SAME REZONING CLASSIFICATION AND FINAL DEVELOPMENT PLAN THAT VOTERS REJECTED THROUGH ORDINANCE 2015-18, AND VOTERS NEVER APPROVED ORDINANCES 2016-44 OR 2017-14 THROUGH AN ELECTORAL VOTE.

{¶17} "II. THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION TO THE EXTENT THAT IT FOUND THAT THERE ARE LEGALLY SIGNIFICANT DIFFERENCES BETWEEN THE ZONING CLASSIFICATION AND FINAL DEVELOPMENT PLAN IN ORDINANCE 2015-18, ON THE ONE HAND, AND THE ZONING CLASSIFICATION AND FINAL DEVELOPMENT PLAN IN ORDINANCES 2016-44 AND 2017-14, ON THE OTHER.

{¶18} "III. THE COMMON PLEAS COURT ERRED BY GRANTING THE CITY APPELLEES JUDGMENT ON THE PLEADINGS AND FAILING TO GRANT APPELLANTS SUMMARY JUDGMENT BECAUSE ORDINANCE 2016-44 IS VOID, INVALID, ILLEGAL, AND UNLAWFUL DUE TO THE CITY APPELLEES' FAILURE TO COMPLY WITH EXPRESS REQUIREMENTS TO REZONE THE SUBJECT PROPERTY UNDER POWELL ZONING CODE §§ 1143.16 AND 1143.18, INCLUDING BUT NOT LIMITED TO THE REQUIREMENT TO OBTAIN THE WRITTEN RECOMMENDATION OF THE POWELL HISTORIC COMMISSION BEFORE REZONING THE SUBJECT PROPERTY.

{¶19} "IV. THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY GRANTING THE CITY APPELLEES LEAVE TO FILE AN UNTIMELY ANSWER WHERE THE CITY COULD NOT SHOW 'EXCUSABLE NEGLECT' BECAUSE THEY HAD NOTICE OF THE ACTION, PARTICIPATED IN THE PROCEEDINGS, AND WERE NOTIFIED EXPRESSLY IN WRITING OF THEIR FAILURE TO FILE AN ANSWER YET CHOSE TO WAIT UNTIL THE PLAINTIFFS' [SIC] FILED A MOTION FOR DEFAULT JUDGMENT TO SEEK LEAVE TO FILE THEIR ANSWER. THE COMMON PLEAS COURT FURTHER ABUSED ITS DISCRETION BY FAILING TO GRANT THE PLAINTIFFS-APPELLANTS DEFAULT JUDGMENT AGAINST THE CITY APPELLEES WHERE THEY FAILED TO TIMELY FILE AN ANSWER AND THE APPELLANTS HAVE CLEARLY ESTABLISHED THEIR RIGHT TO RELIEF BY UNCONTROVERTED EVIDENCE IN THE RECORD.

{¶20} "V. THE COMMON PLEAS COURT ERRED BY DENYING APPELLANTS' MOTION TO STRIKE THE CITY APPELLEES [SIC] MOTION FOR JUDGMENT ON THE

PLEADINGS BECAUSE THE CITY APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS WAS FILED PRIOR TO FILING THEIR ANSWER."

I., II., III., IV., V.

*Mootness Doctrine*

**{¶21}** As an initial matter, we will address the claim, raised by Intervenor-Appellees in their motion to dismiss the appeal, that this appeal has become moot. Although this issue was brought to our attention after the record had been transmitted and the briefs had been filed, we note that "[a]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8.

**{¶22}** The issue of mootness is a question of law. *Poulson v. Wooster City Planning Comm.*, 9th Dist. Wayne No. 04CA0077, 2005-Ohio-2976, ¶ 5. In cases involving challenges to land development or construction projects, there is no bright-line rule as to when a case becomes moot; the issue of mootness must be determined on a case-by-case basis. *See Eye-Will Dev., Inc. v. Lake Cty. Planning Commission*, 11th Dist. Lake No. 2004-L-196, 2006-Ohio-6103, ¶ 46. But Ohio courts have recognized that "*** where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." *Schuster v. City of Avon Lake*, 9th Dist. Lorain No. 03CA008271, 2003-Ohio-6587, ¶ 8, citing *Novak v. Avon Lake Bd. of Educ.,* 9th Dist. Lorain No. 01CA007835, 2001-Ohio-1880. *Accord*, *Kent Investors*, *LLC v. Flynn*, *et al.*, 11th Dist. Portage No. 2017-P-0075, 2019-Ohio-410, ¶9. As cogently explained by the

Seventh District Court of Appeals: "The [appellant in *Schuster*] did not seek a stay of execution of the ruling of the trial court. At oral argument, it was revealed that construction had begun at the development. Thus, the Ninth District held that since *construction was occurring* and there was no request for a stay, the appeal was moot." *Am. Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, 882 N.E.2d 463 (7th Dist.), ¶ 29 (emphasis added).

{¶23} Other appellate districts in Ohio have faced the issue before us. For example, in the case of *Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-Ohio-7059, the court noted that the construction of a disputed residence "had commenced before the appeal to the trial court" and that "the foundation was underway." In addition, appellants' counsel stated in an affidavit that he had personally observed "substantial construction work" being performed on the property in question. The appellate court's review of the record revealed that no stay had been requested by appellants pending the appeal; thus, the mootness doctrine was applied. *Id.* at ¶ 32.

{¶24} The case of *Smetzer v. Catawba Island Twp. Bd. of Zoning Appeals*, 6th Dist. Ottawa No. OT-17-033, 2018-Ohio-4238, involved a dispute over the building of a retail store. One of the parties "presented evidence that construction of the Dollar General store at issue has commenced." *Id.* at ¶ 12. Specifically, an affidavit by the builder's COO stated that a preexisting structure had been demolished at a cost of $22,800, and that "additional work [had] been commenced on the site at a cost of $251,063" as of a certain date. The appeal was ultimately dismissed as moot. *Id.* at ¶ 16.

{¶25} In *Coates Run Property LL, L.L.C. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens No. 15CA5, 2015-Ohio-4732, an appeal was brought to prevent construction

of a planned student-housing development. The appellate court dismissed the appeal as moot, noting that "[i]n the absence of an order staying or enjoining the construction, Athens River Gate demolished the former church located on the property, substantially completed site development, and commenced construction." *Id.* at ¶ 7.

### *Analysis*

**{¶26}** In the case *sub judice*, the motion to dismiss the present appeal indicates that Appellee LS Powell 2470 has at this juncture, among other things, installed perimeter fencing and erosion controls on the property, demolished the existing buildings at the site, cleared trees, accomplished grading work, commenced environmental remediation, and entered into architectural contracts for the single-family homes planned. *See* Len Pivar Affidavit at ¶ 5 - ¶ 11.

**{¶27}** Despite this undisputed information in the Pivar affidavit, appellants' lengthy response to the motion to dismiss this appeal does not seem to directly tackle the mootness concerns brought about by *Schuster* and its progeny. Appellants first present the general claim that injunctive relief can be used to remove or demolish existing structures, but they correspondingly initially avoid discussion of the problem of the lack of a stay under the circumstances of this appeal.

**{¶28}** Appellants, in their response, also direct us to R.C. 2721.09, which states in pertinent part that "*** whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under this chapter. ***." Appellants urge that in light of R.C 2721.09, there is no need for them to obtain a stay, citing in part *Olen Corp. v. Franklin Cty. Bd. of Elections*, 43 Ohio App.3d 189, 541 N.E.2d 80, 90 (10th Dist.1988), a case involving a property owner's attempt to

prevent the submission of a rezoning application to the voters. However, the question of a lack of a stay appears to play no significant role in the *Olen* decision.

{¶29} Appellants also add the rather abrupt claim that since they were acting on behalf of a public body (citing R.C. 733.59), a stay would have been mandatory and would not have required the posting of a bond. However, this again fails to answer the question of why they did not therefore seek a stay under App.R. 7. Appellants then provide the unusual assurance, at this stage of the appellate proceedings, that they "are also happy to file a motion to stay in the trial court if this Court finds it necessary." Appellants' Memorandum in Opposition at 6, f.n. 2.

{¶30} The remainder of appellants' response to the motion to dismiss largely attempts to revisit and further develop their aforesaid arguments, and asks that should we deem the appeal moot, that we consider a public interest or equitable exception to the mootness doctrine. We note an appellate court is vested with jurisdiction to address moot issues that are capable of repetition yet evade review or issues that involve an important public right or interest. *See Am. Energy Corp. v. Datkuliak*, *supra*, at ¶ 34, citing *Citizens Word v. Canfield Twp.,* 152 Ohio App.3d 252, 2003-Ohio-1604, 787 N.E.2d 104, ¶ 8. However, while any new housing development will almost certainly alter the pattern of life for those who have established homes and businesses in the surrounding community, we find no basis to invoke the aforesaid exceptions under Ohio law in these circumstances.

{¶31} Accordingly, we find that the issues raised in appellants' Assignments of Error are moot, and the appeal will be dismissed.

{¶32} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby dismissed.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.

JWW/d 0221