[Cite as *Ebersole v. Powell*, 2019-Ohio-945.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BRIAN EBERSOLE, et al.

      Appellants

-vs-

CITY OF POWELL, et al.

      Appellees

JUDGES:
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., P. J.
Hon. Patricia A. Delaney, J

Case No. 18 CAH 02 0013

O P I N I O N


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 17 CVF 07 0412

JUDGMENT:      Dismissed


DATE OF JUDGMENT ENTRY:      March 19, 2019


APPEARANCES:

For Appellants

STEFANIA DENBOW-HUBBARD
4388 Scenic Drive
Columbus, Ohio 43214

For Appellee City

EUGENE HOLLINS
YAZAN S. ASHRAWI
THADDEUS M. BOGGS
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215

For Appellees Developers

JOSEPH R. MILLER
JOHN M. KUHL
CHRISTOPHER L. INGRAM
KARA M. MUNCY
VORYS, SATER, SEYMOUR & PEASE
52 E. Gay Street, P. O. Box 1008
Columbus, Ohio 43216-1008

*Wise, John, J.*

**{¶1}** Appellants Brian Ebersole and Thomas Happensack appeal the decision of the Court of Common Pleas, Delaware County, which denied their administrative appeal of the decision of Appellee City Council of Powell, Ohio, concerning development of a certain 8.75-acre parcel of real property. The relevant facts leading to this appeal are as follows.

### Subject Property

**{¶2}** The 8.75-acre parcel in question is located at 2470 West Powell Road, the former site of a firearms range. In April 2015, Intervenor-Appellee Arlington Homes[1] submitted a development plan regarding "Harper's Pointe," a proposed residential development consisting of 47 single-family condominium homes, along with a requested change of zoning classification for the property from "R–Residential and Planned Commercial" to "Planned Residential–PR."

### Ordinance 2015-18

**{¶3}** On or about May 19, 2015, the city council of Powell adopted Ordinance 2015-18, which was entitled "An Ordinance Approving A Zoning Map Amendment And Final Development Plan For The Development Of 47 Single Family Condominium Homes On 8.75 Acres Off Of Beech Ridge Drive And To Change The Zoning Map From PC, Planned Commercial District And R, Residence District To Reflect This Property To Be PR, Planned Residence District."

---

[1]  Arlington Homes is the d/b/a name for Len Pivar Builders, Inc. Appellate counsel for Arlington Homes also represents the entity LS Powell 2470, LLC.

{¶4} Appellants, Powell residents, thereafter circulated a referendum petition and had Ordinance 2015-18 put to a popular vote on November 3, 2015. The voters disapproved Ordinance 2015-18 at that time.

### Ordinance 2016–44

{¶5} In July 2016, Intervenor-Appellee Arlington Homes again submitted a development plan for Harper's Pointe on the 2470 West Powell Road property. This plan called for the construction of 48 single-family homes on the same 8.75 acres. Arlington Homes' new application again sought to rezone the property as Planned Residential–PR, but the zoning commission decided instead that the land should be rezoned to DR, Downtown Residence District.

{¶6} On November 1, 2016, Ordinance 2016–44, intended to rezone the property in question from Planned Commercial and Residence Districts to Downtown Residence District, came before the Powell City Council. After clarification that the matter for consideration was the proposed rezoning and that the council was not voting on the proposed development plan at that time, the council approved Ordinance 2016–44.

### Ordinance 2017-14

{¶7} On June 6, 2017, the city council passed "Ordinance 2017-14," which approved a final development plan proposal prepared by Intervenor-Appellee LS Powell 2470 LLC concerning the property, based on the criteria set forth for the site's "Downtown Residence District" zoning.

### Subsequent Proceedings

{¶8} Appellants filed a notice of administrative appeal with the Delaware County Court of Common Pleas (hereinafter "trial court") on July 5, 2017, challenging the

approval of the development plan. They relied in part on the Powell City Charter, Art. VI, §6(B), which states as follows: "Ordinances rejected or repealed by an electoral vote shall not be re-enacted, in whole or in part, except by an electoral vote." This provision thus prohibits the city council from overturning a referendum vote without first obtaining voter approval to do so through another popular vote.[2]

{¶9}    Appellants also filed a declaratory judgment action in the Delaware County Court of Common Pleas, which is the subject of appellate number 18 CAH 08 0056, heard by this Court at oral argument on the same day as the case *sub judice.*

{¶10}  On September 19, 2017, appellants moved to stay the proceedings of the administrative appeal, pending the outcome of the declaratory judgment action. Appellees opposed the motion to stay, and the trial court denied the same on October 12, 2017.

{¶11}  While the motion to stay was pending, appellants filed their merit brief in the trial court on September 28, 2017. The City and LS Powell each filed their merit briefs on October 12, 2017. Both the City and LS Powell argued that the administrative appeal should be dismissed for several reasons, including that appellants' argument advanced in their merit brief was a facial attack on the validity of the legislatively-adopted zoning, and that appellants did not have standing to prosecute the administrative appeal because they were not directly affected by the approval of the development plan. They further argued that the City's approval of the development plan was valid under the R.C. Chapter 2506 standard of review.

---

[2]  The Ohio Supreme Court, in a prior mandamus challenge involving Art. VI, §6(B), held that Appellant Ebersole's proper course of action was to "challenge the validity of Ordinance 2016–44 by way of a suit for declaratory judgment ***." *See State ex rel. Ebersole v. City Council of Powell,* 149 Ohio St.3d 501, 2017-Ohio-509, 75 N.E.3d 1245, ¶ 13.

{¶12} On January 11, 2018, the trial court denied appellants' request to reconsider the aforesaid decision of October 12, 2017.

{¶13} Also on January 11, 2018, the trial court issued a judgment entry dismissing appellants' administrative appeal, stating that appellants had attempted to raise legislative, rather than administrative, issues, and that such issues were not subject to review under R.C. Chapter 2506. The trial court did not address the other arguments raised by the City and LS Powell.

{¶14} On February 9, 2018, appellants filed a notice of appeal with this Court.

{¶15} Appellate briefs were filed, and the appeal was ultimately set for oral argument on January 10, 2019. But on December 5, 2018, Intervenor-Appellees LS Powell 2470 LLC and Len Pivar Builders Inc., d/b/a Arlington Homes, filed a motion with this Court to dismiss the appeal as moot. Appellants filed a memorandum in opposition on December 17, 2018. The aforesaid appellees filed a reply on December 26, 2018. *See infra*.

{¶16} Appellants herein raise the following four Assignments of Error:

{¶17} I. THE COMMON PLEAS COURT ERRED IN FINDING THAT ORDINANCE 2017-14 IS A LEGISLATIVE ENACTMENT THAT IS NOT SUBJECT TO THE ADMINISTRATIVE REVIEW PROCESS UNDER OHIO REVISED CODE CHAPTER 2506.

{¶18} II. THE COMMON PLEAS COURT ERRED BY FAILING TO FIND THAT ORDINANCE 2017-14 IS VOID *AB INITIO* BECAUSE IT RE-ENACTS ORDINANCE 2015-18 IN WHOLE OR IN PART AND THEREFORE VIOLATES POWELL CHARTER ART. VI, § 6(B).

{¶19} III. THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANTS' MOTION TO SUPPLEMENT THEIR BRIEF AND FURTHER ERRED BY FAILING TO ADDRESS WHETHER ORDINANCE 2017-14 COMPLIES WITH THE EXISTING ZONING CLASSIFICATION FOR THE SUBJECT PROPERTY.

{¶20} IV. THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO STAY ITS PROCEEDINGS PENDING THE RESOLUTION OF A COMPANION CASE, NAMELY DELAWARE COUNTY COURT OF COMMON PLEAS CASE NO. 2017-CVH-06-03 81.

I., II., III., IV.

*Mootness Doctrine*

{¶21} As an initial matter, we will address the claim, raised by Intervenor-Appellees in their motion to dismiss the appeal, that this appeal has become moot. Although this issue was brought to our attention after the record had been transmitted and the briefs had been filed, we note that "[a]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8.

{¶22} The issue of mootness is a question of law. *Poulson v. Wooster City Planning Comm.*, 9th Dist. Wayne No. 04CA0077, 2005-Ohio-2976, ¶ 5. In cases involving challenges to land development or construction projects, there is no bright-line rule as to when a case becomes moot; the issue of mootness must be determined on a case-by-case basis. *See Eye-Will Dev., Inc. v. Lake Cty. Planning Commission*, 11th Dist.

Lake No. 2004-L-196, 2006-Ohio-6103, ¶ 46. But Ohio courts have recognized that "***

where an appeal involves the construction of a building or buildings and the appellant fails

to obtain a stay of execution of the trial court's ruling and construction commences, the

appeal is rendered moot." *Schuster v. City of Avon Lake*, 9th Dist. Lorain No.

03CA008271, 2003-Ohio-6587, ¶ 8, citing *Novak v. Avon Lake Bd. of Educ.,* 9th Dist.

Lorain No. 01CA007835, 2001-Ohio-1880. *Accord*, *Kent Investors, LLC v. Flynn, et al.*,

11th Dist. Portage No. 2017-P-0075, 2019-Ohio-410, ¶9. As cogently explained by the

Seventh District Court of Appeals: "The [appellant in *Schuster*] did not seek a stay of

execution of the ruling of the trial court. At oral argument, it was revealed that construction

had begun at the development. Thus, the Ninth District held that since *construction was*

*occurring* and there was no request for a stay, the appeal was moot." *Am. Energy Corp.*

*v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, 882 N.E.2d 463 (7th Dist.), ¶ 29

(emphasis added).

**{¶23}** Other appellate districts in Ohio have faced the issue before us. For

example, in the case of *Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-

Ohio-7059, the court noted that the construction of a disputed residence "had commenced

before the appeal to the trial court" and that "the foundation was underway." In addition,

appellants' counsel stated in an affidavit that he had personally observed "substantial

construction work" being performed on the property in question. The appellate court's

review of the record revealed that no stay had been requested by appellants pending the

appeal; thus, the mootness doctrine was applied. *Id.* at ¶ 32.

**{¶24}** The case of *Smetzer v. Catawba Island Twp. Bd. of Zoning Appeals*, 6th

Dist. Ottawa No. OT-17-033, 2018-Ohio-4238, involved a dispute over the building of a

retail store.  One of the parties "presented evidence that construction of the Dollar General store at issue has commenced." *Id.* at ¶ 12.  Specifically, an affidavit by the builder's COO stated that a preexisting structure had been demolished at a cost of $22,800, and that "additional work [had] been commenced on the site at a cost of $251,063" as of a certain date. The appeal was ultimately dismissed as moot. *Id.* at ¶ 16.

**{¶25}** In *Coates Run Property LL, L.L.C. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens No. 15CA5, 2015-Ohio-4732, an appeal was brought to prevent construction of a planned student-housing development. The appellate court dismissed the appeal as moot, noting that "[i]n the absence of an order staying or enjoining the construction, Athens River Gate demolished the former church located on the property, substantially completed site development, and commenced construction." *Id.* at ¶ 7.

<u>Analysis</u>

**{¶26}** In the case *sub judice*, the motion to dismiss the present appeal indicates that Appellee LS Powell 2470 has at this juncture, among other things, installed perimeter fencing and erosion controls on the property, demolished the existing buildings at the site, cleared trees, accomplished grading work, commenced environmental remediation, and entered into architectural contracts for the single-family homes planned. *See* Len Pivar Affidavit at ¶ 5 - ¶ 11.

**{¶27}** Despite this undisputed information in the Pivar affidavit, appellants' lengthy response to the motion to dismiss this appeal does not seem to directly tackle the mootness concerns brought about by *Schuster* and its progeny. Appellants first present the general claim that injunctive relief can be used to remove or demolish existing

structures, but they correspondingly initially avoid discussion of the problem of the lack of a stay under the circumstances of this appeal.

**{¶28}** Appellants, in their response, also direct us to R.C. 2721.09, which states in pertinent part that "*** whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under this chapter. ***." Appellants urge that in light of R.C 2721.09, there is no need for them to obtain a stay, citing in part *Olen Corp. v. Franklin Cty. Bd. of Elections*, 43 Ohio App.3d 189, 541 N.E.2d 80, 90 (10th Dist.1988), a case involving a property owner's attempt to prevent the submission of a rezoning application to the voters. However, the question of a lack of a stay appears to play no significant role in the *Olen* decision.

**{¶29}** Appellants also add the rather abrupt claim that since they were acting on behalf of a public body (citing R.C. 733.59), a stay would have been mandatory and would not have required the posting of a bond. However, this again fails to answer the question of why they did not therefore seek a stay under App.R. 7. Appellants then provide the unusual assurance, at this stage of the appellate proceedings, that they "are also happy to file a motion to stay in the trial court if this Court finds it necessary." Appellants' Memorandum in Opposition at 6, f.n. 2.

**{¶30}** The remainder of appellants' response to the motion to dismiss largely attempts to revisit and further develop their aforesaid arguments, and asks that should we deem the appeal moot, that we consider a public interest or equitable exception to the mootness doctrine. We note an appellate court is vested with jurisdiction to address moot issues that are capable of repetition yet evade review or issues that involve an important public right or interest. *See Am. Energy Corp. v. Datkuliak, supra*, at ¶ 34, citing *Citizens*

*Word v. Canfield Twp.,* 152 Ohio App.3d 252, 2003-Ohio-1604, 787 N.E.2d 104, ¶ 8. However, while any new housing development will almost certainly alter the pattern of life for those who have established homes and businesses in the surrounding community, we find no basis to invoke the aforesaid exceptions under Ohio law in these circumstances.

{¶31} Accordingly, we find that the issues raised in appellants' Assignments of Error are moot, and the appeal will be dismissed.

{¶32} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby dismissed.


By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.


JWW/d 0221